**UNITED STATES FEDERAL COURT NORTHERN CALIFORNIA DISTRICT**

San Francisco District Office Philip Burton Federal Building,
450 Golden Gate Avenue, 5 West, P.O. Box 36025, San Francisco, CA 94102

| | |
|---|---|
| **Hang Zhang,** *Plaintiff,* <br><br> VERSUS <br><br> **JAMES DISCROLL,** **Secretary, Department of the Army,** *Agency.* | Case No.: cv25-03381-JLC <br><br> **NOTICE OF RELATED CASE** **(**In Re OPM Mass Termination, No. 3:25-cv-01780-WHA**)** |

**NOTICE OF RELATED CASE**
(In Re OPM Mass Termination, No. 3:25-cv-01780-WHA)

This action arises from adverse personnel measures taken against a Department of Defense (DoD) employee leading to and during the same time period and under the same administrative structures challenged in *In re OPM Mass Termination Litigation*, currently pending before Judge William H. Alsup. Plaintiff's case presents a granular precursor, embodiment, and aftermath to that mass action—specifically, a reassignment and subsequent retaliation implemented within the DoD through the same institutional mechanisms, concurrent with the ongoing large-scale terminations across federal agencies directed by Office of Personnel Management (OPM). Plaintiff alleges that their reassignment and workload manipulation were not isolated decisions but part of a larger, pretextual restructuring pattern designed to suppress protected activity and to marginalize high-performing, union-affiliated employees without lawful basis. These events mirror and illuminate the "amputation" of the federal workforce described by Judge Alsup— unprecedented actions that restructured entire departments with little to no due process. Plaintiff's case offers critical factual continuity to the OPM litigation by revealing how these adverse personnel actions were prepared for and justified administratively before the publicized

terminations occurred, and how they continued afterward under the same logic of structural pretext.

INTRODUCTION

Plaintiff respectfully moves to relate this case to *In re OPM Mass Termination Litigation*, No. 3:25-cv-01780-WHA, currently pending before Judge William H. Alsup. The instant action concerns adverse personnel actions by the Department of Defense, including reassignment, duty reclassification, and retaliatory evaluation downgrades—all executed using restructuring instruments and interagency coordination similar to those challenged in the OPM matter. Both cases share a nucleus of operative facts and constitutional concerns surrounding the legality of sweeping, coordinated personnel changes imposed without individualized due process. Plaintiff's claims complement and reinforce the record already developing before Judge Alsup by contributing detailed facts of how these structural changes harmed individual federal employees, under the recurring pretexts of "operational necessity" and "security concerns". Judicial economy, consistency of constitutional interpretation, and the need for coherent resolution of interrelated agency practices all favor relating the two actions under Civil Local Rule 3-12.

**LEGAL STANDARD**

Under Civil Local Rule 3-12(a), cases are considered related when:

1. The actions concern substantially the same parties, property, transactions, or events; and
2. It appears likely that there will be an unduly burdensome duplication of labor and expense, or the possibility of conflicting results if the cases are conducted before different Judges.

Here, both this action and the OPM litigation:

- Arise from the same administrative framework governing federal personnel actions,
- Involve overlapping defendant agencies (including the DoD and its subcomponents),
- Concern structurally similar personnel practices including reassignment, threatened demotion, and the use of mass restructuring to circumvent statutory protections, and

- Raise materially similar constitutional questions under the First and Fifth Amendments, as well as statutory claims under Title VII and the Rehabilitation Act.

In addition, Judge Alsup has already authorized wide-ranging discovery in the OPM litigation through a Protective Order—underscoring the need for consistency in judicial review of these shared agency practices. Coordination between the two matters would avoid inconsistent rulings and enhance the factual record on systemic personnel manipulation within the federal government.

**ARGUMENT**

*I. Substantial Similarity of Events, Administrative Mechanisms, and Legal Claims*

Both this case and *In re OPM Mass Termination Litigation* arise from the use of centralized restructuring mechanism—such as manipulated TDA realignments and organizational charts—to facilitate adverse personnel actions in circumvention of statutory protections. In both cases, the Department of Defense figures prominently, operating within a shared federal restructuring apparatus where nominally neutral realignments served as pretext for demotions, displacements, and retaliatory targeting – ultimately paving the way for unlawful terminations.

Plaintiff's claims are not isolated grievances but part of a larger constitutional challenge to how restructuring is weaponized within agencies to suppress protected EEO activity and marginalize longstanding federal employees without legal justification. The reassignment, removal of program roles, and dual workload assignments alleged here mirror the patterns raised in the OPM case and share the same administrative roots.

*II. Overlapping Constitutional and Statutory Questions*

The present action and the OPM litigation both require resolution of interrelated legal questions:

- Whether federal agencies may use restructuring frameworks to sidestep Title VII protections, constitutional due process, and civil service statutes;
- Whether administrative pretext—when paired with retaliatory motive or disparate impact—renders such actions unlawful under the First and Fifth Amendments;
- Whether coordinated actions between OPM and agencies such as the DoD constitute unlawful centralization of personnel authority not authorized by statute.

These questions, already under review by Judge Alsup, are squarely presented here and would benefit from unified adjudication.

*III. This Case Complements and Extends the Evidentiary Record in OPM*

Plaintiff's allegations precede, coincide, and follow the OPM-directed terminations, providing vital insight into how similar personnel manipulations were used against union-represented, non-probationary employees—not just probationary staff often viewed as more vulnerable to summary action. These facts establish that the same restructuring machinery operated on multiple employment tiers and help confirm that the challenged actions were not merely political appointments or new policy decisions, but part of a structural scheme targeting protected categories of workers.

By offering both a precursor event and a subsequent retaliation after the publicized firings, this case completes the timeline of what Judge Alsup has already described as "aberrational" conduct.

*IV. Judicial Economy and Consistency Favor Relation*

Relating this matter would minimize conflicting factual determinations and conserve judicial resources, particularly with regard to:

- Determining whether OPM exceeded its statutory authority;
- Analyzing how DoD implemented these orders across its components;
- Resolving disputes over due process violations and retaliatory misuse of restructuring frameworks.

Maintaining separate adjudications of these intertwined practices would invite contradictory outcomes and impose unnecessary burdens on the courts and parties alike.

*V. Procedural Manipulation and Relevance to Mass Termination Oversight*

This case reveals how procedural manipulation served as a precursor to the mass adverse actions now under scrutiny. First, the Army under DoD (one of the named defendants of *OPM*) delayed and obstructed discovery for over four months during the EEOC stage, frustrating timely resolution and concealing key decisionmakers' involvement. Second, evidences show deliberate tempering, deleting and manipulation of TDA records—tactics that align with the structural

methods now being litigated in the OPM case. Third, the same actors and mechanisms used to reassign or marginalize the Plaintiff without justification are implicated in the broader pattern of government-structured personnel targeting. These tactics not only harmed the Plaintiff but preview the systemic breakdown that Judge Alsup has described as "aberrational." Judicial coordination is necessary to surface how individual abuses scaled into national misconduct—and to prevent repetition of procedural gamesmanship that subverts oversight and chills protected activity.

*VI. Restoring Trust Through Juror Education and Trial Integrity*

Finally, Plaintiff submits that this case to serve a civic function beyond individual redress. It presents an opportunity for the judiciary to demonstrate that even highly technical, policy-driven adverse actions are subject to constitutional scrutiny when used to obscure retaliation and discrimination.

By surfacing internal agency practices shielded from public scrutiny and revealing how restructuring and reorganization have been weaponized to inflict targeted harm, this case helps restore trust in a legal system where government MSJs too often foreclose due process and technicalities overrule arguments. It invites jurors and the public to understand the human consequences of abstract policy shifts. As in *Offield v. Holder*, where reassignment was used as constructive discharge, and in historical civil rights litigation such as *Jackson sanitation workers*, where policies were deployed to persistently marginalize protected workers, Plaintiff's case urges this Court to reaffirm that the law protects not just titles or positions, but the respect for American legal system.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this matter be related to *In re OPM Mass Termination Litigation*, currently before Judge William H. Alsup.

        Respectfully submitted,

Hang Zhang, Ph.D.

Professor

Defense Language Institute

Department of the Army

hangzhang777@yahoo.com

Dated: April 17, 2025

**EXHIBIT A: Chronological Summary of Structural Retaliation and Procedural Misconduct**

(Attached to Complaint in *In re OPM Mass Termination*, No. 3:25-cv-01780-WHA)