**UNITED STATES FEDERAL COURT NORTHERN CALIFORNIA DISTRICT**

San Francisco District Office Philip Burton Federal Building,

450 Golden Gate Avenue, 5 West, San Francisco, CA 94102

| | |
|---|---|
| **Hang Zhang,** *Plaintiff,* | Case No.: 25-cv-3381-AMO |
| VERSUS | **PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO EXTEND DEADLINE** |
| **DANIEL DRISCOLL,** Secretary, Department of the Army, *Agency.* | |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO EXTEND DEADLINE**

TO THE COURT AND ALL PARTIES:

Plaintiff respectfully submits this partial opposition to Defendant's Administrative Motion to Continue the Deadline to Respond to the Complaint ("Motion") and the supporting Declaration of Valerie E. Smith ("Declaration"), and states as follows:

1. Defendant's Motion and Declaration Are Factually Contradictory and Procedurally Deficient

    Defendant's filings contain multiple factual inconsistencies and flaws:

    - The Declaration (ECF No. 11-1) states, *"Upon information and belief, Defendant's response is due June 17, 2025,"* while the Motion (ECF No. 12) dates it as June 27, 2025. Based on Plaintiff's completed service on April 26, 2025, the correct 60-day response deadline is **June 25, 2025.**
    - The Motion is signed and filed by AUSA Craig Missakian, but the only declaration comes from outgoing counsel, AUSA Smith, whose last day was June 20, 2025. The actual moving attorney provides no sworn statement under penalty of perjury as required by Civil Local Rule 6-3.

- The Declaration admits Defendant received and reviewed the Complaint weeks ago and engaged in direct communication with Plaintiff, undermining any claimed prejudice from alleged "lack of formal service."

2. Defendant Fails to Show Good Cause or Excusable Neglect

The record shows that Defendant had full knowledge of this case since April 19, or at least April 26, 2025, — ample time to plan any staffing transition. Yet Defendant failed to disclose when AUSA Smith was assigned or why no timely reassignment occurred. Internal handover mismanagement does not constitute "good cause" under Rule 6(b), nor does it justify "excusable neglect" for seeking relief after the deadline passed.

3.Pattern of Delay and Mismanagement

During the EEOC administrative phase, Defendant repeatedly delayed disclosures, obstructed scheduling, and caused more than four months of unnecessary delay. Defendant's continued procedural delay here fits the same pattern and should not be rewarded with an excessive continuance.

4.Defendant's Requested Extension Is Excessive and Unsupported

Defendant requests an extraordinary 60+ day extension based solely on an unsworn promise that new counsel *"will likely file a dispositive motion to dismiss."* No complex factual investigation or unusual legal question is cited. Such boilerplate speculation does not justify ignoring established deadlines.

5. Plaintiff Does Not Oppose a Standard 2-week Extension

Plaintiff does not oppose a standard extension, **not to exceed 14 days (through July 9, 2025)**, sufficient to allow reasonable staffing transition. Plaintiff opposes any further delay as unjustified and contrary to the Court's scheduling needs.

6. Plaintiff's Fallback Request to Prevent Prejudice

If the Court grants any extension beyond July 9, 2025, Plaintiff respectfully requests that her own deadline to file a First Amended Complaint be set to 3 weeks after Defendant's new response date, to ensure procedural fairness.

7. Notice of Continued Monitoring

Plaintiff has diligently met every deadline both administratively and in this Court. Defendant's pattern of contradictory deadlines, vague excuses, and factual errors, e.g., misgendering the Plaintiff, undermines confidence in its filings. Should this pattern persist, Plaintiff reserves the right to move for appropriate sanctions under Rules 11, 16(f), 37(b), and 55(a) if necessary to protect the integrity of these proceedings.

CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court:

1. Deny Defendant's request to extend the deadline to August 27, 2025;
2. Grant a 2-week extension only through July 9, 2025;
3. If any further extension is granted, adjust Plaintiff's deadline to amend accordingly;
4. Grant any other relief the Court deems proper to ensure prompt and fair case management.

24th day of June, 2025                    HANG ZHANG

/s/ *Hang Zhang*

Plaintiff, Pro Se

## DECLARATION OF PLAINTIFF

I, Hang Zhang, declare as follows:

1. I am the Plaintiff in this action.
2. I filed the Complaint on April 16, 2025.
3. On or about April 26, 2025, I served copies of the Complaint and related filings on multiple designated offices, including the United States Attorney's Office for the Northern District of California (San Francisco), the United States Department of Justice in Washington, D.C., and the Department of the Army's legal office, consistent with applicable rules. The Complaint was also electronically filed on the PACER docket.
4. Defendant's counsel, AUSA Valerie Smith, never informed me of the date she was first assigned to this matter. Based on routine practice, she had ample time since the Complaint's filing to conduct an initial review and to coordinate briefing or transition with her successor.
5. During the administrative EEOC process, I consistently complied with all filing deadlines and procedural requirements. In contrast, Defendant repeatedly delayed and obstructed production of relevant discovery, which caused substantial prejudice and extended the timeline of my complaint unnecessarily.
6. I respectfully request that the Court deny any excessive or open-ended extension and, if an extension is granted, set my deadline to file a First Amended Complaint to three weeks after Defendant's new response date to ensure procedural fairness.
7. I respectfully request that Defendant designate a primary contact responsible for case scheduling and discovery, and that such counsel abide by all applicable deadlines and court scheduling orders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

      Executed this 24th day of June, 2025.

      /s/ *Hang Zhang*

      Plaintiff, Pro Se

**[PROPOSED] ORDER**

Upon consideration of Defendant's Administrative Motion to Extend Time and Plaintiff's Partial Opposition, the Court ORDERS as follows:

1. Defendant's deadline to respond to the Complaint is extended from June 25, 2025 to **July 9, 2025** only.
2. Plaintiff's deadline to file any First Amended Complaint shall be three weeks after Defendant's new response date — or **July 30, 2025**.
3. Any future request for an extension must be supported by detailed, sworn facts showing good cause and diligence.
4. Defendant's assigned primary contact for all case scheduling, discovery, and settlement communications shall ensure efficient case management.
5. Defendant shall ensure timely identification, preservation, and production of all relevant documents and records consistent with its obligations under the Federal Rules of Civil Procedure and this Court's orders.

**IT IS SO ORDERED.**

DATED: _____   _____
The Honorable Araceli Martinez-Olguin
United States District Judge

CERTIFICATE OF SERVICE

I, Hang Zhang, hereby certify that on June 24, 2025, I served a true and correct copy of the foregoing

**PARTIAL OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO EXTEND DEADLINE**

**DECLARATION OF PLAINTIFF**

**[PROPOSED] ORDER**

on the following party via CM/ECF to registered counsel on record:

      Molly A. Friend

      Assistant U.S. Attorney

      Office of the United States Attorney

      450 Golden Gate Avenue

      San Francisco, CA 94102

      molly.friend@usdoj.gov

Dated: June 24, 2025

                <u>/s/ Hang Zhang</u>

                Hang Zhang

                Plaintiff Pro Se