1   CRAIG H. MISSAKIAN (CABN 125202)
    United States Attorney
2   PAMELA T. JOHANN (CABN 145558)
    Chief, Civil Division
3   MOLLY A. FRIEND (CABN CABN 289677)
    Assistant United States Attorney
4

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-7177
         FAX: (415) 436-7234
7        molly.friend@usdoj.gov

8   Attorneys for the Defendant

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13   HANG ZHANG,                          )   No. 3:25-cv-03381-AMO
                                          )
14           Plaintiff,                   )   **DEFENDANT'S NOTICE OF MOTION AND**
                                          )   **MOTION TO DISMISS**
15       v.                               )
                                          )
16   DANIEL DRISCOLL, Secretary, Department )   Hrg Date:  October 16, 2025
     of the Army                          )   Time:       2:00 p.m.
17                                        )   Location:   Courtroom 10, 19th Floor
             Defendant.                   )
18   _____ )   Hon. Araceli Martínez-Oguín

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2  TABLE OF AUTHORITIES ...................................................................................................II

3  NOTICE OF MOTION ........................................................................................................1

4  RELIEF SOUGHT ..............................................................................................................1

5  MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

6  I.      INTRODUCTION ....................................................................................................1

7  II.     STATEMENT OF ISSUES TO BE DECIDE .................................................................2

8  III.    FACTUAL BACKGROUND .......................................................................................3

9  IV.     LEGAL STANDARD ...............................................................................................5

10          A.     Federal Rule of Civil Procedure 12(b)(1) ....................................................5

11          B.     Federal Rule of Civil Procedure 12(b)(6) ....................................................6

12 V.      ARGUMENT ..........................................................................................................6

13          A.     Plaintiff's Equal Pay Claim Must Be Dismissed for Lack of Subject-Matter
                   Jurisdiction ..................................................................................................6
14
               B.     Plaintiff's Challenge of the EEO Process Must Be Dismissed for Lack of
15                    Subject-Matter Jurisdiction .........................................................................7

16          C.     Plaintiff Fails to State a Claim for Employment Discrimination Because She
                   Fails to Identify Any Similarly Situated Comparators that Were Treated More
17                 Favorably .....................................................................................................8

18          D.     Plaintiff Fails to State a Claim for Retaliation Because She Does Not Identify
                   an Adverse Employment Action or Plead A Causal Connection to Any
19                 Protected Activity .........................................................................................11

20          E.     Plaintiff Fails to Allege Facts Plausibly Establishing a Hostile Work
                   Environment Claim ......................................................................................13
21
               F.     Plaintiff Fails to State a Claim Under the EPA ............................................17
22
               G.     Plaintiff Fails to State a Claim Challenging the EEO Process Because Such
23                    Claims Are Not Cognizable ..........................................................................18

24 VI.     CONCLUSION .......................................................................................................19

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Adrian v. Cty. of Storey*, No. 16-cv-00425, 2018 WL 1413383 (D. Nev. Mar. 21, 2018) ...................... 22

*Ali v. Servicenow, Inc.*, No. 19-cv-03744-JSW, 2019 WL 11542365 (N.D. Cal. Sept. 23, 2019) ........... 13

*Ardalan v. McHugh*, No. 13-cv-01138-BLF, 2014 WL 3846062 (N.D. Cal. Aug. 4, 2014).................... 13

*Austin v. City of Oakland*, No. 17-cv-03284-YGR, 2018 WL 2427679 (N.D. Cal. May 30, 2018) ........ 12

*Austin v. Univ. of Oregon*, 925 F.3d 1133 (9th Cir. 2019) ......................................................... 12

*Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) ....................................................... 16

*Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) ............................................ 16

*Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289 (D. Ariz. Feb. 22, 2021)............ 24

Ching Fang Chang v. Dep't of Homeland Sec., No. 20-cv-07011-LHK, 2021 WL 2986516 (N.D. Cal.
    July 15, 2021) ............................................................................................................ 19

*Cohen v. Fred Meyer, Inc.*, 686 F.2d 793 (9th Cir. 1982) ......................................................... 17

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)............................................................ 23

*Cozzi v. County of Marin*, No. 18-cv-07830-JSW, 2019 WL 13201175 (N.D. Cal. Aug. 16, 2019)....... 23

*Ellis v. SmithKline Beecham Corp.*, No. 07-cv-5302, 2008 WL 3166385 (W.D. Wash. Aug. 5, 2008).. 22

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ............................................................................... 10

*Fields v. Vilsack*, 207 F. Supp. 3d 80 (D.D.C. 2016) .............................................................. 22

*Foroughi v. Wal-Mart Stores, Inc.*, No. 10-cv-506-PHX-GMS, 2010 WL 2231931 (D. Ariz. June 2,
    2010) ....................................................................................................................... 17

*Fowler v. Potter*, No. 06-cv-04716-SBA, 2008 WL 2383073 (N.D. Cal. June 9, 2008) ...................... 21

*Grounds v. United States by & through Dep't of Energy*, No. 3:17-CV-01190-HZ, 2019 WL 1270928
    (D. Or. Mar. 18, 2019) .................................................................................................. 10

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)..................................................................... 18

*Hulstedt v. California*, 2023 WL 9189316 (N.D. Cal. May 19, 2023) ........................................... 10

*Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024 WL 5190361 (N.D. Cal. Dec. 20,
    2024) ....................................................................................................................... 10

*Jenson v. FFA*, No. 10-cv-0234-CL, 2011 WL 2491428 (E.D. Wash. Jun. 22, 2011).............................. 9

*Jordan v. Summers*, 205 F.3d 337 (7th Cir. 2000) ................................................................ 24

*Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of Monterey*, 534 F. Supp. 1202
    (N.D. Cal. 1982) .............................................................................................................. 11

*Lin v. Potter*, No. 10-cv-03757-LB, 2011 WL 1522382 (N.D. Cal. Apr. 21, 2011) ................................ 14

*Moorehead v. Chertoff*, No. C05-1767JLR, 2007 WL 737370 (W.D. Wash. Mar. 5, 2007) .................... 9

*Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006) ................................................................ 13, 14

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ................................................ 21, 22

*Pardi v. Kaiser Found. Hosp., Inc.*, 389 F.3d 840 (9th Cir. 2004) .............................................. 15

*Parker v. State of Del., Dept. of Pub. Safety*, 11 F. Supp. 2d 467 (D. Del. 1998) ........................... 23

*Perez v. McDonough*, No. 23-cv-06713-JST, 2024 WL 4844383 (N.D. Cal. Nov. 20, 2024) ................ 19

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599 (9th Cir. 2004) ............................................... 11

*Philbert v. Wilkie*, No. 217CV00929CASKKX, 2018 WL 1918518 (C.D. Cal. Apr. 20, 2018) .............. 9

*Poland v. Chertoff*, 494 F.3d 1174 (9th Cir. 2007) ........................................................... 15

*Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) ......................................................... 15, 16

*Sablan v. A.B. Won Pat Int'l Airport Auth.*, No. 10-cv-00013, 2010 WL 5148202 (D. Guam Dec. 9,
    2010) ........................................................................................................... 11

*Sager v. McHugh*, 942 F. Supp. 2d 1137 (W.D. Wash. 2013) .................................................. 24

*Univ. of Texas Southwestern Med. Ctr. v. Nasser*, 133 S. Ct. 2517 (2013) ................................... 17

*Van Petten v. McDonough*, No. 2:21-cv-01956-MCS, 2022 WL 22227599 (C.D. Cal. Jul. 20, 2022) ... 14

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) ......................................... 17

*Ward v. E.E.O.C.*, 719 F.2d 311 (9th Cir. 1983) ............................................................. 24

*Washington v. Certainteed Gypsum, Inc.*, No. 10-cv-00204-GMN-LRL, 2011 WL 3705000 (D. Nev.
    Aug. 24, 2011) ................................................................................................ 17

*Willis v. Donahoe*, No. 13-cv-01562-YGR, 2013 WL 6199176 (N.D. Cal. Nov. 26, 2013) .................. 12

*Wingate v. United States Postal Serv.*, No. 12-cv-05560-LB, 2013 WL 3829272 (N.D. Cal. July 23,
    2013) ........................................................................................................... 12

*Yartzoff v. Thomas,* 809 F.2d 1371 (9th Cir. 1987) ......................................................... 16

*Yee v. Garland*, No. CV 21-1185 (ABJ), 2022 WL 2046112 (D.D.C. June 7, 2022) .......................... 24

*Yonemoto v. McDonald*, 114 F. Supp. 3d 1067 (D. Haw. 2015) ................................................ 16

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 1, 4

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1, 3, 4

1

**NOTICE OF MOTION**

2       PLEASE TAKE NOTICE that on October 16, 2025, at 2:00 p.m., or as soon thereafter as the

3   matter may be heard by the Honorable Araceli Martínez-Olguín, United States District Judge of the

4   United States District Court for the Northern District of California, located at 450 Golden Gate Avenue,

5   San Francisco, California, Courtroom 10, Defendant Daniel Driscoll, Secretary, Department of the

6   Army, will and hereby does move to dismiss Plaintiff Hang Zhang's Complaint (ECF No. 1) pursuant to

7   Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion is based on this Notice; the

8   Memorandum of Points and Authorities; the pleadings, records, and files in this case; other matters of

9   which the Court takes judicial notice; and such other written or oral argument as may be presented at or

10  before the time the Court takes this motion under submission.

11

**RELIEF SOUGHT**

12      Defendant seeks an order dismissing the Complaint in its entirety.

13

**MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.     INTRODUCTION**

15      Plaintiff brings this employment discrimination action in relation to her employment with the

16  Defense Language Institute ("DLI") as a Student Learning Specialist. As the result of restructuring

17  within the institute, Plaintiff was reassigned to the Chinese School and required to take on an additional

18  workload. Plaintiff subsequently was not selected for four roles to which she applied within DLI.

19  Plaintiff now claims that her non-selection and reassignment were the result of discrimination on the

20  basis of race, sex, and national origin, and that her treatment at DLI constituted a hostile work

21  environment. Plaintiff further alleges that as the result of her Equal Employment Opportunity ("EEO")

22  activity, she was retaliated against by DLI.

23      Plaintiff's claim for discrimination fails because she uniformly fails to allege facts plausibly

24  establishing that a similarly situated individual was treated more favorably than her with respect to any

25  of the discrete employment actions underlying this lawsuit. Plaintiff's claim for retaliation fails because

26  (1) none of the actions underlying her retaliation claim rises to the level of a cognizable adverse

27  employment action as a matter of law and (2) Plaintiff does not allege facts plausibly establishing a

28  causal nexus to her protected activity, especially where the Complaint fails to identify the decisionmaker

for any of those events (or that the unidentified decisionmakers were aware of her protected activity). And in an attempt to craft a hostile work environment claim, Plaintiff alleges that each of the actions that comprise her discrimination and retaliation claims constitute harassment. But this claim fails for multiple reasons, including (1) Plaintiff has not identified the protected status underlying her claim; (2) the claim impermissibly duplicates the events at issue in her discrimination and retaliation claims; and (3) none of the allegations rise to the level of severity or pervasiveness necessary to state a claim for hostile work environment.

Finally, Plaintiff attempts to bring causes of action under the Equal Pay Act ("EPA") and Due Process Clause for alleged interference with her procedural rights in the EEO process. However, EPA claims in excess of $10,000 fall under the exclusive jurisdiction of the Court of Federal Claims. Additionally, with regard to Plaintiff's EEO due process claim, the government has not waived sovereign immunity for monetary suits brought pursuant to the Due Process Clause of the Fifth Amendment. Regardless, Plaintiff has failed to state a claim for either a violation of the EPA or interference with the EEO process.

As such, Defendant respectfully requests that the Court dismiss Plaintiff's complaint.

## II.    STATEMENT OF ISSUES TO BE DECIDE

1.    Whether this Court has subject-matter jurisdiction to hear Plaintiff's EPA claim when such claims fall under the exclusive jurisdiction of the Court of Federal Claims;

2.    Whether there is subject-matter jurisdiction to hear Plaintiff's procedural challenges to the EEO process when the United States has not waived sovereign immunity for such claims;

3.    Whether Plaintiff fails to allege facts sufficient to state a cause of action for discrimination under Title VII where she fails allege facts plausibly establishing that similarly situated comparators that were treated more favorably;

4.    Whether Plaintiff fails to allege facts sufficient to state a cause of action for retaliation where Plaintiff does not claim she was subject to any adverse actions that were causally linked to protected activity; and

5.    Whether Plaintiff fails to allege facts sufficient to state a cause of action for a hostile work environment claim where she does not identify the protected status at issue, her claims are

duplicative of her discrimination and retaliation claims, and she fails to identify any harassment that was severe or pervasive;

6.    Whether Plaintiff fails to state a claim under the EPA where she does not allege that a male employee was paid a different wage for a similar job; and

7.    Whether Plaintiff fails to state a claim for violations of the EEO process when such claims are held not to be actionable.

## III.    FACTUAL BACKGROUND

Plaintiff is female, Chinese American, of Chinese national origin, and is employed by DLI as a Student Learning Specialist. *See* Dkt. 1 (Complaint) at Exh. A. Plaintiff holds a Ph.D., but the Complaint fails to specify the academic specialty of her degree and/or that it is relevant to the positions at issue in this lawsuit. *Id*. Plaintiff alleges that during a structural reorganization on May 5, 2023, she was assigned to the DLI Chinese school and given a fulltime Chinese teacher's workload in addition to her regular job responsibilities. *Id.* She did not receive a pay increase. *Id.* Plaintiff alleges that no Caucasian males were forced to accept a similar additional workload, but she does not identify any Caucasian males who were qualified to accept the additional work that Plaintiff purportedly received. *Id.*

Following her reassignment, Plaintiff alleges that she was denied four separate positions to which she applied within DLI: (1) Assessment Specialist on June 4, 2023; (2) Assistant Immersion Coordinator on May 13, 2023; (3) "ODA" Specialist on June 14, 2023; and (4) Academic Specialist for UML on December 10, 2024. *Id*. Plaintiff does not allege who the decision maker was for either her reassignment or any of her non-selections. *Id.* at Exh. A. Plaintiff concludes that a less qualified Caucasian male was selected for the Assessment Specialist position, but she does identify who that individual was, nor does she allege facts to suggest he is similarly situated, such as his department, job title prior to the selection, or experience at DLI. *Id.* Although Plaintiff alleges that she was not selected for the Academic Specialist position, she does not allege that anyone was selected for that position, much less that they were outside of her protected characteristics or were similarly situated. *Id.* She further claims that the selectee for the ODA position lacked technical experience or a Ph.D., but the Complaint fails to allege the protected characteristics of the selected individual (*i.e.*, race, gender, national origin, prior protected activity), nor does it allege how Plaintiff's qualifications made her a

superior candidate for that particular position. *Id.* The Complaint also claims that the Academic

Specialist position was "given to a selectee with half of the qualification and experience" as Plaintiff,

but it also does not allege the protected characteristics of that individual and it again does not allege

facts that plausibly describe how Plaintiff was better qualified for the position. *Id.* Plaintiff alleges that

on January 30, 2025, her name was "removed" from the quarterly award list despite her inclusion in

prior lists, but she does not allege that anyone was treated differently, nor does she identify the protected

characteristics of other individuals (if any) on that list. *Id.*

Plaintiff alleges she initiated EEO contact and filed a formal complaint between May 11, 2023,

and June 13, 2023. *Id*. Plaintiff also states that she initiated EEO counseling and filed a formal complaint

of discrimination on February 23, 2024. Dkt. 1 at ¶ 8. Plaintiff alleges that she filed a timely amendment

to her complaint to incorporate her related claims for retaliation and procedural misconduct. *Id.* at ¶ 9.

Plaintiff alleges that, on December 31, 2024, an Associate Provost at DLI forwarded a work

communication from Plaintiff to Dr. Laura Heller, counsel for DLI, but the Complaint does not allege

any facts regarding that purported "work communication" or plausibly establish why it was

inappropriate for a DLI to forward a work communication to DLI counsel. Dkt. 1 at Exh. A. Plaintiff

alleges Dr. Heller then "circulated an internal memo urging dissemination of Plaintiff's litigation status

to 'mitigate against her mechanism.'" *Id.* Plaintiff further alleges that on February 7, 2025, Dr. Heller

"transmitted unsolicited privileged materials to Plaintiff, coped to senior leadership," and that the EEO

Director declined to investigate the incident. *Id.* However, Plaintiff does not allege what these materials

contained, to whom they were sent, or any facts that would suggest that dissemination of the materials

was improper. *Id.* Finally, Plaintiff alleges that during the underlying EEO proceedings, discovery files

were produced with "signs of tampering and omissions." *Id.*

Plaintiff includes a list of alleged incidents that occurred to support her hostile work environment

claims, including (1) exclusion from key meetings; (2) award nomination recission; (3) transmission of

privileged materials; (4) dissemination of EEOC litigation information; (5) reassignment based on

national origin; (6) suppression of performance-based pay; (7) TDA file tampering; (8) procedural

obstruction after motion for summary judgment filing; and (9) simultaneous rejections from the

inspector general and EEO to investigate. *Id.* at ¶¶ 21-29. Other than the reassignment, Plaintiff does not

1  state under what protected status she is basing her claims or identify any facts that would indicate any of

2  the alleged harassing activity was severe or pervasive. *Id.*

3      Plaintiff filed the instant action on April 17, 2025. Dkt. 1. Plaintiff brings claims for

4  discrimination, retaliation, hostile work environment, violation of the Equal Pay Act, and violation of

5  due process based on interference with the EEO process. *Id.*

6  **IV.    LEGAL STANDARD**

7      **A.    Federal Rule of Civil Procedure 12(b)(1)**

8      A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under

9  Federal Rule of Civil Procedure 12(b)(1). *See Savage v. Glendale Union High Sch., Dist. No. 205,*

10 *Maricopa Cty.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Courts must consider the threshold issue of

11 jurisdiction before addressing the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

12 94 (1998). Plaintiffs bear the burden of establishing jurisdiction because, by filing a complaint in federal

13 court, they seek to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

14     "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*,

15 373 F.3d 1035, 1039 (9th Cir. 2004). The Court may dismiss an action under Rule 12(b)(1) if the

16 complaint does not allege facts sufficient to establish subject matter jurisdiction on its face or, even if

17 the complaint asserts grounds for jurisdiction on its face, the evidence does not support a finding of

18 jurisdiction. *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A

19 facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke

20 federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge allows the court to

21 look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's allegations." *White v.*

22 *Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The Court also can hear evidence outside the pleadings and

23 resolve factual disputes, if necessary, without treating the motion as one for summary judgment.

24 *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847

25 (9th Cir. 1997).

26     "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its

27 existence," and the plaintiff's allegations carry no presumption of truthfulness. *Robinson*, 586 F.3d at

28 685. Whether a facial or factual attack, because "[f]ederal courts … have only that power that is

MOTION TO DISMISS
3:25-CV-03381-AMO                                          5

1    authorized by Article III of the Constitution and the statutes enacted by Congress," *Bender v.*

2    *Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted), courts presume the action

3    lies outside their limited jurisdiction, and the burden is on the party asserting jurisdiction to establish

4    that it exists. *Kokkonen*, 511 U.S. at 377.

5            **B.      Federal Rule of Civil Procedure 12(b)(6)**

6            Rule 12(b)(6) of the Federal Rules of Civil Procedure governs dismissal for failure to state a claim

7    upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim under Rule

8    12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief

9    that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has

10   facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009). A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements

13   of a cause of action will not do." *Id.* (internal quotation marks omitted). A complaint must contain

14   sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to

15   require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v.*

16   *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the Court must treat all factual allegations as true for

17   purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a

18   factual allegation." *Iqbal*, 556 U.S. at 678.

19   **V.      ARGUMENT**

20           **A.      Plaintiff's Equal Pay Claim Must Be Dismissed for Lack of Subject-Matter
                     Jurisdiction**

21

22           Plaintiff alleges that Defendant denied her a salary increase and thus subjected her to unequal

23   pay based on sex, in violation of the EPA. *See* Dkt. 1 at ¶ 19. However, the Court of Federal Claims

24   retains exclusive jurisdiction over federal sector claims exceeding $10,000 under the Fair Labor

25   Standards Act, which includes the EPA. *Jenson v. FFA*, No. 10-cv-0234-CL, 2011 WL 2491428, at *3

26   (E.D. Wash. Jun. 22, 2011) (the EPA does not include a jurisdictional grant, therefore, Court of Federal

27   Claims has exclusive jurisdiction for claims over $10,000); *Philbert v. Wilkie*, No.

28   217CV00929CASKKX, 2018 WL 1918518, at *2 (C.D. Cal. Apr. 20, 2018) (holding that because

1  "plaintiff's EPA claim exceeds $10,000 and plaintiff declines to waive excess damages, the Court lacks

2  jurisdiction"); *Moorehead v. Chertoff*, No. C05-1767JLR, 2007 WL 737370, at *2 (W.D. Wash. Mar. 5,

3  2007) (recognizing that the Ninth Circuit has not yet decided this jurisdictional question but finding that

4  there was no jurisdiction for an EPA claim exceeding $10,000 on the basis of other cases and the plain

5  language of 28 U.S.C. § 1346(a)(2)); *see also Grounds v. United States by & through Dep't of Energy*,

6  No. 3:17-CV-01190-HZ, 2019 WL 1270928, at *6 (D. Or. Mar. 18, 2019) (citing the aforementioned

7  cases and holding that the Court of Federal Claims has exclusive jurisdiction for EPA claims exceeding

8  $10,000).

9       Plaintiff does not specifically allege the amount in damages she is attributing to her EPA claim.

10  Dkt. 1 at ¶ 19. However, the Civil Cover Sheet filed with her complaint states that Plaintiff is seeking

11  $650,000 in total monetary damages. Dkt. 1-1. Thus, Plaintiff's EPA claim must be dismissed for lack

12  of subject-matter jurisdiction — the Court of Federal Claims is the proper forum for this claim. Even if

13  the Court finds it has jurisdiction over Plaintiff's EPA claim, it still must be dismissed under Rule

14  12(b)(6), as explained below in Part V.F.

15       **B.    Plaintiff's Challenge of the EEO Process Must Be Dismissed for Lack of Subject-
            Matter Jurisdiction**

16

17       Plaintiff brings a claim under the Fifth Amendment's Due Process Clause, challenging the EEO

18  process and alleging that Defendant interfered with her procedural rights. Dkt. 1 at ¶ 30. This claim must

19  also be dismissed for lack of jurisdiction, since the federal government has not waived sovereign

20  immunity and challenges to the EEO process are not actionable in district court.

21       To the extent Plaintiff seeks monetary damages for her Fifth Amendment claim, that claim

22  should be dismissed because the federal government has not waived sovereign immunity. *See F.D.I.C. v.*

23  *Meyer*, 510 U.S. 471, 486 (1994) (action for monetary damages for constitutional violations cannot be

24  maintained against a federal agency); *Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024

25  WL 5190361, at *5 (N.D. Cal. Dec. 20, 2024); *Hulstedt v. California*, 2023 WL 9189316, at *2 (N.D.

26  Cal. May 19, 2023), *aff'd*, No. 23-15966, 2023 WL 9193060 (9th Cir. Oct. 24, 2023) (there is no

27  "statute generally waiving sovereign immunity as to money damages arising from a fifth amendment

28  due process violation") (quoting *Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of*

1  *Monterey*, 534 F. Supp. 1202, 1212 (N.D. Cal. 1982)). Therefore, any claim for monetary damages

2  against Defendant under the Fifth Amendment must be dismissed.

3      As such, the Court should dismiss Plaintiff's challenge of the EEO process for lack of subject-

4  matter jurisdiction. However, even if the Court had jurisdiction, Plaintiff fails to state a cognizable

5  claim, because challenges to the EEO process are not cognizable, as discussed in Part V.G. below.

6      **C.    Plaintiff Fails to State a Claim for Employment Discrimination Because She Fails to
       Identify Any Similarly Situated Comparators that Were Treated More Favorably**

7

8      Plaintiff alleges that Defendant violated Title VII by denying her employment opportunities on

9  the basis of her protected characteristics, *see* Dkt at ¶ 18; however, the Complaint does not allege

10 sufficient facts that would allow the Court to plausibly reach that conclusion, and Plaintiff's

11 discrimination claims are thus subject to dismissal under Rule 12(b)(6).

12     To state a prima facie claim for discrimination under Title VII, a plaintiff must allege that "(1) he

13 is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse

14 employment action; and (4) similarly situated individuals outside his protected class were treated more

15 favorably, or other circumstances surrounding the adverse employment action give rise to an inference

16 of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). While the

17 *prima facie* elements need not be formally pleaded, a complaint must "allege 'enough facts to state a

18 claim to relief that is plausible on its face,'" *Mendenhall v. City and County of San Francisco*, No. 11-

19 CV-4029-EMC, 2011 WL 6779300 at *4 (N.D. Cal. Dec. 27 2011), and the *prima facie* elements are

20 relevant to determining whether the plaintiff has alleged sufficient facts to state a plausible claim of

21 discrimination. *See Sablan v. A.B. Won Pat Int'l Airport Auth.*, No. 10-cv-00013, 2010 WL 5148202, at

22 *4 (D. Guam Dec. 9, 2010) (in light of *Twombly* and *Iqbal*, courts "*must* look at a complaint in light of

23 the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter,

24 accepted as true, to state a claim to relief that is plausible on its face" (emphasis in original)); *see also*

25 *Wingate v. United States Postal Serv.*, No. 12-cv-05560-LB, 2013 WL 3829272, at *7 (N.D. Cal. July

26 23, 2013). "[B]are recitations of elements without any factual basis" are not sufficient to state a claim

27 for employment discrimination. *Willis v. Donahoe*, No. 13-cv-01562-YGR, 2013 WL 6199176, at *2

28 (N.D. Cal. Nov. 26, 2013). Importantly, a disparate treatment claim requires a plaintiff to "allege either

direct evidence of discrimination, such as derogatory comments about his gender or race, or circumstantial evidence, 'which may include allegations that similarly situated individuals outside [his] protected class were treated more favorably or that other circumstances surrounding the at-issue employment action give rise to an inference of discrimination.'" *Austin v. City of Oakland*, No. 17-cv-03284-YGR, 2018 WL 2427679, at *4 (N.D. Cal. May 30, 2018) (citing *McCarthy*, 2016 WL 946099, at *4). Here, the Complaint does not include allegations of direct discrimination, such as derogatory comments about Plaintiff's race, sex, or national origin, and Plaintiff thus allege plausible facts about the circumstances surrounding the employment actions that give rise to an inference of discrimination.

Plaintiff concludes she was discriminated against when she was reassigned to the Chinese School and when DLI failed to select her for four separate positions for which she applied: ODA Specialist, Assessment Specialist, Academic Specialist, and Assistant Director of Immersion. Dkt. 1 at ¶¶ 11 and 18. But the Complaint fails to allege circumstances to support a plausible inference that Plaintiff received differential treatment in each of these instances because of her protected characteristics. *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) ("What is missing for each theory of liability are sufficient, nonconclusory allegations plausibly linking the disciplinary action to discrimination on the basis of sex.").

First, the Complaint fails to allege who the purported decisionmaker(s) were for each alleged adverse employment action or that the unidentified decisionmakers were aware of Plaintiff's protected characteristics. The discrimination claim is subject to dismissal on that pleading failure alone. *Ali v. Servicenow, Inc.*, No. 19-cv-03744-JSW, 2019 WL 11542365, at *4 (N.D. Cal. Sept. 23, 2019) (granting motion to dismiss where the plaintiff failed to allege decisionmakers were "aware of his national origin, race, religion, or age").

Second, the Complaint fails to identify similarly situated individuals outside of Plaintiff's protected class that were treated more favorably. *See Austin*, 2018 WL 2427679, at *4; *Ardalan v. McHugh*, No. 13-cv-01138-BLF, 2014 WL 3846062, at *8 (N.D. Cal. Aug. 4, 2014) (granting motion to dismiss where the plaintiff did not plead that alleged comparators "were similarly situated to her in all material respects"); *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (plaintiff must allege facts plausibly suggesting that comparators are similarly situated "in all material respects").

**DLI Chinese School Reassignment**:  With regard to Plaintiff's Chinese School reassignment, Plaintiff alleges only that "no male Caucasian comparators were forced or approached for this type of double workload."  Dkt. 1 at Exh. A. But the Complaint does not identify any specific comparator who was *not* asked to fulfill such a role, nor does Plaintiff even claim that DLI had other similarly situated Caucasian male employees who were qualified to teach Chinese at DLI's Chinese school.

**Assistant Immersion Coordinator Non-Selection**:  Plaintiff claims only that she was denied "for Assistant Immersion Coordinator position, despite years of success with immersion programs" (*Id.*), but she does not allege that *anyone* was selected for this position. Because Plaintiff does not identify a comparator who was selected, she does not allege that individuals outside of her protected classes "were treated more favorably[.]" *see Ardalan*, 2014 WL 3846062, at *8; *Van Petten v. McDonough*, No. 2:21-cv-01956-MCS, 2022 WL 22227599, at *2 (C.D. Cal. Jul. 20, 2022) ("Plaintiff identifies no similarly situated comparator to meet his burden to plead a discrimination claim.").

**ODA Specialist Non-Selection**:  Plaintiff alleges that the selectee for the ODA position lacked technical experience or a Ph.D. Dkt. 1 at Exh. A. But she does not allege that the selectee was outside of her protected classes, so cannot allege that someone outside of her protected classes was treated more favorably. *See Ardalan*, 2014 WL 3846062, at *8; *Van Petten*, 2022 WL 22227599, at *2. Nor does Plaintiff allege how her qualifications made her the superior candidate for this position or why the selectee wasn't qualified for the position. *See Lin v. Potter*, No. 10-cv-03757-LB, 2011 WL 1522382, at *12 (N.D. Cal. Apr. 21, 2011) ("While [plaintiff] claims that [the male candidate] was not qualified to receive the April 2, 2009 promotion . . . , she does not plead any facts as to *why* . . . he was similarly-situated or not qualified to receive the job.") (emphasis in original).

**Assessment Specialist Non-Selection**:  Plaintiff includes some identifying information about her comparator in her claim regarding the Assessment Specialist position, stating that the selectee was a less-qualified, Caucasian male from the same cohort. Dkt. 1 at Exh. A. However, Plaintiff fails to allege that the selectee was similarly situated in all materials respects, e.g. whether he

was in the same department, held a similar title as Plaintiff before being selected, or had similar experience at DLI. *See Moran*, 447 F.3d at 755 (plaintiff must allege facts plausibly suggesting that comparators are similarly situated "in all material respects"). Nor does she allege how she was the superior candidate for the position. *See Lin*, 2011 WL 1522382, at *12.

**Academic Specialist Non-Selection**:  While Plaintiff alleges that the selectee for the Academic Specialist Position had "half of the qualifications and experience" as Plaintiff, she does not allege that this individual was outside of her protected classes. Therefore, she fails to allege that someone outside of her protected class was treated more favorably. *See Ardalan*, 2014 WL 3846062, at *8; *Van Petten*, 2022 WL 22227599, at *2.

Plaintiff fails to allege facts related to any of the alleged discriminatory actions from which to plausibly infer that an individual outside of her protected classes, that was similarly situated, was treated more favorably. Therefore, her discrimination claim should be dismissed.

### D.    Plaintiff Fails to State a Claim for Retaliation Because She Does Not Identify an Adverse Employment Action or Plead A Causal Connection to Any Protected Activity

Plaintiff alleges that Defendant retaliated against her for engaging in protected EEO activity. Dkt. 1 at ¶ 20. However, Plaintiff fails to state a claim for retaliation because she has not alleged that her employer took an adverse employment action or that such actions were causally linked to her protected activity. To establish a prima facie case of retaliation, a plaintiff must prove that (1) she engaged in protected activity; (2) her employer subsequently took an adverse employment action against her; and (3) the events are causally linked. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003); *Pardi v. Kaiser Found. Hosp., Inc.*, 389 F.3d 840, 849 (9th Cir. 2004).

First, Plaintiff fails to allege that her employer took a legally cognizable adverse employment action against her. Plaintiff alleges that after she first sought EEO counseling, she was subject to retaliation through exclusion from communications, recission of awards, public discrediting, and hostile treatment by management. Dkt. 1 at ¶ 13. These allegations do not rise to the level of plausible adverse employment actions. "An adverse employment action is 'any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.'" *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007) (quoting *Ray v. Henderson*,

1    217 F.3d 1234, 1242–43 (9th Cir. 2000)); *Jaroslawsky v. City & County of San Francisco*, No. 12-cv-

2    04949-JSW, 2013 WL 1287431, at *2 (N.D. Cal. Mar. 28, 2013).Such adverse employment actions

3    include, for example, "transfers of job duties, negative performance reviews, actions that affect an

4    employee's compensation, and warning letters." *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1103

5    (D. Haw. 2015), *aff'd sub nom. Yonemoto v. Shulkin*, 725 F. App'x 482 (9th Cir. 2018) (citing *Yartzoff*

6    *v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987)). But actions that do not affect an employee's

7    compensation, such as "declining to hold a job open for an employee and badmouthing an employee

8    outside the job reference context do not constitute adverse employment actions." *Brooks v. City of San*

9    *Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000).

10          Plaintiff's allegation that she was excluded from communications does not rise to the level of a

11    cognizable retaliatory adverse employment action. Indeed, mere ostracism is not enough to constitute an

12    adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000); *see also Burlington Northern &*

13    *Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) ("An employee's decision to report discriminatory

14    behavior cannot immunize that employee from those petty slights or minor annoyances that often take

15    place at work, and that all employees experience," which include "personality conflicts," "snubbing by

16    supervisors and co-workers," and "simple lack of good manners."). Similarly, Plaintiff's conclusory

17    assertions about the purported dissemination of EEOC documents (Dkt. 1 at ¶¶ 14-15) do not establish a

18    plausible adverse employment action. Plaintiff does not state to whom the information was allegedly

19    disseminated, the contents of the information, any consequences flowing therefrom, or any facts

20    plausibly establishing that the dissemination of that information was wrongful in any way. And

21    Plaintiff's allegations that management engaged in "hostile treatment" and subjected Plaintiff to "public

22    discrediting," Dkt. 1 at ¶ 13, are simply legal conclusions without any factual development. Finally,

23    Plaintiff's contention that she was subjected to "award rescissions," (Dkt. 1 at ¶ 13), also does not state

24    sufficient facts to allege a plausible adverse employment action because Plaintiff alleges nothing more

25    than that her name was removed—buy an unidentified individual for unidentified reasons—from a

26    "quarterly award list despite prior nomination and inclusion." Dkt. 1 at Exh. A.

27          Second, even assuming the above actions rise to the level of cognizable retaliatory adverse

28    actions, Plaintiff does not allege facts giving rise to an inference of causation (*i.e.*, that "but for" her

EEO activity, she would not have been subject to the alleged treatment). *See Univ. of Texas Southwestern Med. Ctr. v. Nasser*, 133 S. Ct. 2517 (2013); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (plaintiff alleging retaliation must show "that engaging in the protected activity was one of the reasons for his firing and that but for such activity he would not have been fired"). To meet her burden of pleading facts sufficient to establish a retaliatory causal nexus, Plaintiff must allege facts plausibly establishing that the decisionmakers were aware that she had engaged in protected activity. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("[e]ssential to the causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Perez v. McDonough*, No. 23-cv-06713-JST, 2024 WL 4844383, *7 (N.D. Cal. Nov. 20, 2024); *Washington v. Certainteed Gypsum, Inc.*, No. 10-cv-00204-GMN-LRL, 2011 WL 3705000, at *9 (D. Nev. Aug. 24, 2011); *Foroughi v. Wal-Mart Stores, Inc.*, No. 10-cv-506-PHX-GMS, 2010 WL 2231931, at *3 (D. Ariz. June 2, 2010). Here, Plaintiff does not allege who purportedly (1) excluded her from communications, (2) rescinded her awards, (3) publicly discredited her, (4) or treated her in a hostile manner, much less does the Complaint allege that these unidentified actors were aware of Plaintiff's prior protected activity. Dkt. 1 at ¶ 13. This missing information renders the causation allegation deficient. *Heyer*, 521 F. App'x at 601 (affirming dismissal of a complaint that "fail[ed] to allege sufficiently the causal link between protected activity and adverse employment action").[1]

### E.    Plaintiff Fails to Allege Facts Plausibly Establishing a Hostile Work Environment Claim

Plaintiff alleges eight categories of events in support of her hostile work environment claim: (1) exclusion from key meetings, (2) award nomination rescission, (3) transmission of privileged material, (4) dissemination of EEOC litigation information, (5) reassignment based on national origin, (6) suppression of performance-based pay, (7) TDA file tampering, and (8) procedural obstruction after MSJ filing, and (9) "[s]imultaneous rejections from IG and EEO to investigate."[2] Dkt. 1 at ¶¶ 21-29. These allegations do not rise to the level of a hostile work environment as a matter of law.

---

[1] Although the Complaint does not appear to allege that Plaintiff's four alleged non-selections are part of her retaliation claim, any such retaliation claim would fail for similar reasons because the Complaint does not identify the decisionmaker for *any* of those employment actions. Dkt. 1 at Exh. A.

[2] Plaintiff's claims about file tampering, procedural obstruction, and failures to investigate relate to the due process claim regarding the EEO process and are barred for the reasons outlined in

1    To plead a cognizable hostile workplace claim, a plaintiff must plausibly allege: (1) that she was

2    subjected to verbal or physical conduct because of a protected characteristic; (2) that the conduct was

3    unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the

4    plaintiff's employment and create an abusive work environment. *Vasquez*, 349 F.3d at 642 *see also Ray*,

5    217 F.3d at 1245 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

6        **1.**    **The Hostile Work Environment Claim Is Subject to Dismissal Because**
    **Plaintiff Does Not Allege Facts Suggesting that Any of the Challenged**

7        **Conduct Was Because of Her Protected Characteristics**

8        Plaintiff fails to state a hostile work environment claim because she does not allege any facts

9    suggesting that the conduct at issue was based on Plaintiff's sex, race, national origin, or prior protected

10    activity. Indeed, Plaintiff does not even identify the protected class under which she's bringing this claim.

11    Dkt. 1 at ¶¶ 21-29. The Ninth Circuit requires a plaintiff to allege facts plausibly suggesting that she was

12    subjected to hostile verbal or physical conduct "because of" her claimed protected characteristics. *Manatt*

13    *v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2033); *see also Ching Fang Chang v. Dep't of Homeland*

14    *Sec.*, No. 20-cv-07011-LHK, 2021 WL 2986516, at *2 (N.D. Cal. July 15, 2021) (dismissing Title VII

15    hostile work environment claim where the complaint failed to allege that the alleged bullying or

16    discrimination "was due to [the plaintiff's] 'race, color, religion, sex, or national origin.'"). "Title VII is

17    not a general civility code, but forbids harassment only . . . that arises on account of a protected

18    classification." *Santiago v. Dejoy*, No. 20-cv-1571-YGR, 2020 WL 6118528, at *5 (N.D. Cal. Oct. 16,

19    2020) (dismissing Title VII hostile work environment claim).

20        Here, the Complaint does not provide any facts to suggest the at-issue conduct was "based on"

21    Plaintiff's protected characteristics. To the contrary, Plaintiff identifies a list of discrete employment

22    actions but asserts no facts suggesting that these acts were undertaken with discriminatory or retaliatory

23    animus. As discussed supra Part V.C., the Complaint does not include any direct evidence of

24    discrimination, such as derogatory comments about Plaintiff's sex, race, national origin, or prior protected

25    activity status.  The Complaint also does not identify any similarly situated employees treated more

26    favorably than Plaintiff or supply other circumstantial evidence that gives rise to an inference of

27

28    Section V.B.

1   harassment on the basis of Plaintiff's protected characteristics. As such, Plaintiff's allegations are too

2   conclusory to support a reasonable inference that these were acts of harassment based on Plaintiff's

3   protected classes, and Plaintiff's hostile work environment claim therefore should be dismissed. *See*

4   *Ching Fang Chang*, 2021 WL 2986516, at *2; *Perez v. McDonough*, No. 23-cv-06713-JST, 2024 WL

5   4844383, at *9 (N.D. Cal. Nov. 20, 2024).

6         **2.**      **The Hostile Work Environment Claim Also Fails Because the Complaint**
                  **Fails to Allege that the Conduct Was Sufficiently Severe or Pervasive**

7

8           Plaintiff's hostile work environment claim also fails because the Complaint does not identify

9   severe or pervasive conduct. The severe or pervasive element has both subjective and objective

10  components. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017). Title VII is

11  violated only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult,

12  that is sufficiently severe or pervasive to alter the conditions of [] employment and create[s] an abusive

13  working environment[.]" *Sharp v. S&S Activewear, L.L.C.*, 69 F. 4th 974, 978 (9th Cir. 2023) (quoting

14  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (internal punctuation omitted). In determining

15  whether conduct is sufficiently severe or pervasive to violate Title VII, courts "look at 'all the

16  circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically

17  threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

18  employee's work performance.'" *Vasquez*, 349 F.3d at 642 (quoting *Clark County Sch. Dist. v. Breeden*,

19  532 U.S. 268, 270-71 (internal quotation marks and citation omitted), *reh'g denied*, 533 U.S. 912 (2001)).

20          Exclusion from meetings and not being nominated for an award are simply part of normal

21  workplace operations and do not rise to the level of a hostile work environment. *See Hutchinson v.*

22  *Holder*, 815 F. Supp. 2d 303, 323 (D.D.C. 2011) ("hostile-work-environment claim is simply not a cause

23  of action for the ordinary tribulations of the workplace."). Acts that are part of normal workplace

24  operations, like negative performance reviews, monitoring, and nitpicking, cannot be the basis of a

25  hostile work environment claim. *Sumera v. Lynch*, No. 4:13-CV-01950-KAW, 2016 WL 368159, at *7

26  (N.D. Cal. Feb. 1, 2016). There are no allegations from which to reasonably infer that any alleged

27  harassment was severe or pervasive. The essence of a harassment claim is a workplace that is

28  "permeated with 'discriminatory intimidation, ridicule, and insult.'" *National R.R. Passenger Corp. v.*

1    *Morgan*, 536 U.S. 101, 116 (2002); *Fowler v. Potter*, No. 06-cv-04716-SBA, 2008 WL 2383073, at *10

2    (N.D. Cal. June 9, 2008) (a hostile work environment claim involves "ridicule, insulting comments,

3    intimidation, physical contacts, or threats."). Here, however, the Complaint does not allege any such

4    comments, ridicule, intimidation, or threats, from which to infer such an environment existed.

5                **3.      Any Hostile Work Environment Claim Premised on the Discrete Acts at
                        Issue in Plaintiff's Discrimination or Retaliation Claims Is Subject to
6                        Dismissal**

7            Finally, Plaintiff fails to state a claim for hostile work environment for the additional reason that

8    Plaintiff does not allege any non-discrete acts of harassment.  The Ninth Circuit has drawn a sharp

9    dichotomy between discrete employment acts and non-discrete acts of harassment that may form the

10   basis of a hostile work environment claim:

11           [w]e refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances
             and then, regardless of whatever it was that set the spark in the furnace, call the fire that
12           ignites therefrom a hostile environment.  If the flames of an allegedly hostile environment
             are to rise to the level of an actionable claim, they must do so based on the fuel of timely
13           non-discrete acts.

14   *Porter*, 419 F.3d at 893.  The sine qua non of a hostile work environment is a series of non-discrete acts

15   that collectively constitute a single employment practice.  As the Supreme Court noted in *Morgan*,

16   "[h]ostile environment claims are different in kind from discrete acts."  536 U.S. at 114.  It is the

17   "cumulative effect of individual acts" that creates the hostile work environment, even if any single act is

18   not actionable on its own.  *Id.*

19           Here, Plaintiff alleges no non-discrete acts to support a hostile work environment theory. Instead,

20   the alleged harassing conduct all takes the form of discrete employment decisions. Dkt. 1 at ¶¶ 21-29.

21   Indeed, these are the same actions at issue in Plaintiff's discrimination and retaliation claims. *See* Dkt. 1

22   at ¶¶ 18, 19 and Exh. A. But discrete employment acts cannot be "cobbled together" to create a

23   cognizable hostile work environment claim. *Ellis v. SmithKline Beecham Corp.*, No. 07-cv-5302, 2008

24   WL 3166385, at *12 (W.D. Wash. Aug. 5, 2008), *aff'd*, 363 F. App'x 481 (9th Cir. 2010) ("Plaintiff

25   attempts to transmute her various disparate treatment claims into harassment and hostile work

26   environment claims. Plaintiff may not do so."); *Silveria*, 2022 WL 187839, at *1 (affirming dismissal of

27   hostile work environment claim and observing that the complaint's "allegations mainly describe a series

28   of adverse employment actions—as would more typically be asserted in support of a disparate treatment

1  claim for discriminatory discipline or firing"); *Dixon*, 2017 WL 6029589, at *11; *Adrian v. Cty. of*

2  *Storey*, No. 16-cv-00425, 2018 WL 1413383, at *3 (D. Nev. Mar. 21, 2018) ("A hostile work

3  environment comprises unwelcome verbal or physical conduct—not prototypical adverse employment

4  actions such as termination and loss of privileges.").

5      To recognize a hostile work environment cause of action based on the discrete acts identified by

6  Plaintiff "'would transform virtually every discrimination or retaliation claim involving more than one

7  challenged action into a hostile work environment case.'" *Dixon*, 2017 WL 6029589, at *11 (quoting

8  *Fields v. Vilsack*, 207 F. Supp. 3d 80, 94-95 (D.D.C. 2016)). "The dangers of allowing standard

9  disparate treatment claims to be converted into a contemporaneous hostile work environment claim are

10  apparent.  Such an action would significantly blur the distinctions between both the elements that

11  underpin each cause of action and the kinds of harm each cause of action was designed to address."

12  *Parker v. State of Del., Dept. of Pub. Safety*, 11 F. Supp. 2d 467, 475 (D. Del. 1998).

13      Here, Plaintiff seeks to litigate the exact same employment actions under the rubric of disparate

14  treatment discrimination/retaliation *and* hostile work environment. Under well-established law, she

15  cannot do so. The discrete employment actions identified by Plaintiff do not give rise to a hostile work

16  environment as a matter of law, and Plaintiff's hostile work environment claim should be dismissed.

17  **F.    Plaintiff Fails to State a Claim Under the EPA**

18      Plaintiff's EPA claim should be dismissed for lack of jurisdiction as elaborated above in Part

19  V.A.. However, even if this Court has jurisdiction, Plaintiff also fails to allege facts sufficient to state a

20  claim under the EPA.  To state a claim under the EPA, a plaintiff "must show that an employer pays

21  different wages to employees of opposite sexes for equal work on jobs the performance of which

22  requires equal skill, effort, and responsibility, and which are performed under similar working

23  conditions."  *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

24      Plaintiff's EPA claim does not identify any facts as to the position or salary at issue. Dkt. 1 at ¶

25  19. Rather, the claim simply states that Plaintiff was denied a salary increase associated with academic

26  rank advancement. *Id.* Assuming this claim relates to Plaintiff's reassignment to the Chinese School,

27  Plaintiff only states that "no male Caucasian comparators were forced or approached for this type of

28  double workload." *Id.* at Ex. A. Plaintiff does not identify any specific comparator employees, their

alleged comparative wages, their job duties, or their alleged performance. *Id.* Without alleging any of the elements to support a claim under the EPA, Plaintiff's claim must be dismissed. *See Cozzi v. County of Marin*, No. 18-cv-07830-JSW, 2019 WL 13201175, at *2-3 (N.D. Cal. Aug. 16, 2019) (dismissing EPA claim where Plaintiff did not allege comparator was male, paid more, or performed similar job duties).

### G. Plaintiff Fails to State a Claim Challenging the EEO Process Because Such Claims Are Not Cognizable

To the extent the Court finds it has jurisdiction over plaintiff's claims regarding alleged issues with the EEO process, Title VII does not provide a cause of action for complaints against the administrative investigation and claim process. *See Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (holding that, like a private sector employee, a federal employee may not bring a claim regarding a process complaint against an agency EEO division); *Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289, at *11 (D. Ariz. Feb. 22, 2021) (same); *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1148 (W.D. Wash. 2013) (same); *see also* 29 C.F.R. § 1614.107(a)(8); *cf. Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) (holding that a private sector employee does not have a cause of action against the EEOC for alleged mishandling of an EEOC investigation). Instead, any complaints are remedied by being able to challenge the actual alleged discrimination in federal court under de novo review, as Plaintiff is doing in her case before this Court. *See Jordan*, 205 F.3d at 342; *see also Yee v. Garland*, No. CV 21-1185 (ABJ), 2022 WL 2046112 (D.D.C. June 7, 2022). As such, any such claim by Plaintiff must be dismissed.

///
///
///
///
///
///
///
///

1

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and dismiss the Complaint.

DATED:        August 27, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney

*Attorneys for Defendant*