UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hang Zhang,** *Plaintiff,* VERSUS **DANIEL DRISCOLL,** **Secretary, Department of the Army,** *Agency.* | Case No.: 25-cv-03381-AMO **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN RETALIATION AND RESTORE ACCESS TO COURT** Hon. Araceli Martínez-Oguín |

**EXHIBIT A**

**DECLARATION OF DR. HANG ZHANG**

I, Dr. Hang Zhang, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and accurate:

1. I was selected for the Senior Student Learning Specialist position in 2018 through a competitive process based on superior qualifications (Ph.D.) and extensive experience in Foreign Area Officer programs, student advising, diagnostic assessment, research, presentation, faculty training and other relevant subjects.

2. In 2023, I was reassigned to teach Chinese based on my national origin while white male colleagues were exempted. I was denied seven positions despite superior qualifications, while less qualified white male candidates were selected. These denials began shortly after my June 2023 EEO contact.

3. On December 31, 2024, I sent an inquiry to the Associate Provost regarding student learning initiatives. Within one minute, despite being on leave, he forwarded my inquiry

1

to agency counsel. Within twenty minutes, agency counsel directed senior leadership to disseminate my protected EEO activity more broadly, violating 29 C.F.R. § 1614.108(b).

4. On April 1, 2025, the Associate Provost testified under oath that he received information about my EEO activity through counsel's disclosures and coordinated with senior leadership regarding me. He testified he had no concerns about my work performance.

5. In 2024, Defendant submitted my confidential EEO mediation materials to the ROI investigator as evidence, violating Privacy Act protections and mediation confidentiality rules.

6. In late 2024, a supervisor showed me irregular, duplicated reports prepared by a white male colleague. In mid-2025, my current supervisor ordered me to advise his students and redo his reports.

7. The Dean publicly called me "unethical" for reporting institutional fraud, despite initially acknowledging the fraudulent reports before retracting the supervisor's remedial order.

8. In August 2025, the Chief of Staff disclosed my confidential whistleblower status and EEO activity to the Associate Provost, Dean, and other officials, intensifying retaliation and violating federal confidentiality protections.

9. Despite substantial evidence of fraud impacting federal programs, the Inspector General refused to investigate my reports.

10. The agency excluded its legal counsel from participating in the EEO investigation, selectively invoking privilege to avoid scrutiny—a direct conflict of interest.

11. Throughout my 23 years of federal service, I have consistently received excellent performance ratings. I never received disciplinary action prior to the September 9, 2025 counseling letter. The September 2025 counseling letter threatening removal is the first

such action in my entire career and appeared only after agency counsel coordinated with senior leadership about my EEO litigation.

12. Defendant's retaliation has caused severe documented health decline including insomnia, anxiety, weight gain, and fibroid, vision and dental issues. These stress-related physical injuries constitute irreparable harm that cannot be remedied by post-termination monetary damages.

13. On September 9, 2025, I received my first counseling letter in 23 years, stating my conduct "can lead to more severe disciplinary or adverse action (including the possibility of penalties ranging from formal reprimand, suspension to removal from Federal service)". This followed directly from my protected EEO complaints and whistleblowing reports. I face imminent termination without court intervention.

14. The September 2025 counseling letter charged me with failing to upload reports—yet I was the one who discovered and reported that my colleague was producing fraudulent copy-paste reports. I was disciplined for the exact misconduct I reported, while my colleague faced no consequences.

15. Exhibit B consists of true and correct excerpts from DA Form 7510 (EEO Counselor's Report) in ARPOM25JAN000742. Redactions remove only personally identifiable information and CUI headers/footers. I will provide an unredacted copy for in camera review upon the Court's request. See Fed. R. Civ. P. 5.2(d).

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Hang Zhang*
Hang Zhang, Ph.D.
Professor
Defense Language Institute
Department of the Army
rosezi@yahoo.com

Dated: October 7, 2025

# EXHIBIT B

Exhibit B – Filed Under Seal pursuant to Civil L.R. 79-5 and Fed. R. Civ. P. 5.2(d).

# EXHIBIT C



**DEPARTMENT OF THE ARMY**
DEFENSE LANGUAGE INSTITUTE FOREIGN LANGUAGE CENTER
UNDERGRADUATE RUSSIAN SCHOOL
PRESIDIO OF MONTEREY
MONTEREY, CALIFORNIA 93944-5006

ATFL-URU                                                                 9 September 2025

MEMORANDUM FOR Hang Zhang, Professor, URU Student Learning, Defense Language Institute Foreign Language Center (DLIFLC), Persidio of Monterey, CA 93944

SUBJECT: Letter of Counseling - Conduct

1. I am issuing you this letter of counseling as the minimum action which I feel is needed for you to appropriately follow my instructions. The specific reasons in support of this action are described as follows:

   a. I have requested you meet with me several times since 2 July. I have scheduled meetings and requested you provide me with a time convenient for you if the time I selected didn't work with your schedule. The Dean also instructed you to provide time to meet. You either failed to show for the meetings, cancelled at the last minute, or failed to provide an alternate time. As your supervisor, you are required to follow my instructions. In addition, as part of the appraisal system, I must meet with you to provide you with input regarding your performance. You must begin to follow my instructions when requesting to meet.
   b. On 30 May, I reminded the SLS team to provide tailored reports to students, not to copy and paste from previous assessments. On 25 June and 21 August I reminded the SLS team to upload their reports to the SLS Teams site. On 28 July, the Dean also reminded the team to upload their reports. To date, you have not uploaded any of your reports to the Teams site. You failed to follow my instructions as well as those of the Deans.
   c. On 28 July, the Dean requested the SLS team begin meeting biweekly to coordinate SLS duties. Even though your teammate reached out to meet with you, you would not agree to a time to meet. You failed to follow the instructions of the dean.

2. With this written counseling, you are being reminded that your failure to follow my instructions, as well as those of the Dean, will not be condoned or tolerated. Your conduct does not promote the efficiency of the service and can lead to more severe disciplinary or adverse action (including the possibility of penalties ranging from formal reprimand, suspension to removal from Federal service).

3. You have the right to free confidential counseling through the Agency's Employee Assistance Program (EAP), if you believe that health or personal issues are adversely influencing your conduct. In addition, you have the right to have me consider any health or personal problems that may affect your employment. For further information relative to your rights to EAP counseling, you may call an EAP counselor at 831-887-8925.

4. This written counseling is IAW the local negotiated agreement between DLIFLC and AFGE Local 1263. This written counseling will remain in my employee supervisor's file for a period of one year.

Yali Chen, Ph.D.
Academic Specialist, URU