CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MOLLY A. FRIEND (CABN CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7177
    FAX: (415) 436-7234
    molly.friend@usdoj.gov

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANG ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL DRISCOLL, Secretary, Department of the Army<br><br>    Defendant. | No. 3:25-cv-03381-AMO<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. Araceli Martínez-Oguín |

    Plaintiff's Motion for Preliminary Injunction is hereby DENIED.

    Plaintiff has not shown she is entitled to injunctive relief. "A plaintiff seeking a preliminary injunction must show that: (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in her favor; and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20))

    Plaintiff has not shown a likelihood of success on the merits. First, Plaintiff has not alleged facts

sufficient to state a claim for retaliation. Plaintiff's allegations that she was labeled "unethical" and that her EEO status was improperly disclosed in e-mail correspondence do not constitute adverse actions. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000) (actions that do not affect an employee's compensation, such as "declining to hold a job open for an employee and badmouthing an employee outside the job reference context do not constitute adverse employment actions."). With regard to the remaining alleged adverse actions, Plaintiff fails to allege a causal nexus between the protected activity and the retaliatory conduct. *See Univ. of Texas Southwestern Med. Ctr. v. Nasser*, 133 S. Ct. 2517 (2013); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (plaintiff alleging retaliation must show "that engaging in the protected activity was one of the reasons for his firing and that but for such activity he would not have been fired").

Second, Plaintiff cannot succeed on the merits of any challenge to the EEO process because such claims are not cognizable under Title VII. *See Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (holding that, like a private sector employee, a federal employee may not bring a claim regarding a process complaint against an agency EEO division); *Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289, at *11 (D. Ariz. Feb. 22, 2021) (same); *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1148 (W.D. Wash. 2013) (same); *see also* 29 C.F.R. § 1614.107(a)(8); *cf. Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) (holding that a private sector employee does not have a cause of action against the EEOC for alleged mishandling of an EEOC investigation).

Third, Plaintiff has not alleged facts to sustain a cause of action under the Privacy Act because she has not alleged that Defendant failed to fulfill a record-keeping obligation that resulted in an adverse determination. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 417 (9th Cir. 2009).

Nor has Plaintiff shown the requisite irreparable harm, where her alleged injuries are capable of being addressed through other legal means. *See Ariz. Dream Act Coal v. Brewer*, 855 F.3d 957, 978 (9th Cir. 2017), *cert. denied*, 138 S. Ct 1279 (2018); *see also Weinberger v. RomeroBarcelo*, 456 U.S. 305, 312 (1982) (the basis for injunctive relief is irreparable injury and the standard is demanding: "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to qualify as irreparable, and "[t]he possibility that adequate compensatory or

other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Finally, as Plaintiff is a public employee, the equities and public interest favor Defendant.

As such, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED:

_____
HON. ARACELI MARTINEZ-OLQUIN
United States District Judge