CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MOLLY A. FRIEND (CABN CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7177
    FAX: (415) 436-7234
    molly.friend@usdoj.gov

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANG ZHANG, | No. 3:25-cv-03381-AMO |
|     Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
|   v. | |
| DANIEL DRISCOLL, Secretary, Department of the Army | Hrg Date:  February 26, 2026 |
|     Defendant. | Time:      2:00 p.m. |
| | Location:  Courtroom 10, 19th Floor |
| | Hon. Araceli Martínez-Oguín |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ II

NOTICE OF MOTION ...................................................................................................... 1

RELIEF SOUGHT ............................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDE ....................................................... 2

III.  FACTUAL BACKGROUND ............................................................................... 3

IV.   LEGAL STANDARD ........................................................................................... 5

      A.    Federal Rule of Civil Procedure 12(b)(1) ................................................. 5

      B.    Federal Rule of Civil Procedure 12(b)(6) ................................................. 6

V.    ARGUMENT ......................................................................................................... 7

      A.    Plaintiff's Equal Pay Claim Must Be Dismissed for Lack of Subject-Matter
            Jurisdiction ................................................................................................. 7

      B.    Plaintiff's Claims Pursuant to the Fifth and First Amendments Must Be
            Dismissed for Lack of Subject-Matter Jurisdiction ................................. 8

      C.    Plaintiff Fails to State a Claim for Employment Discrimination Because She
            Fails to Identify Any Similarly Situated Comparators that Were Treated More
            Favorably ................................................................................................... 8

      D.    Plaintiff Fails to State a Claim for Retaliation Because She Does Not Identify
            an Adverse Employment Action or Plead A Causal Connection to Any
            Protected Activity ..................................................................................... 12

      E.    Plaintiff Fails to Allege Facts Plausibly Establishing a Hostile Work
            Environment Claim ................................................................................... 14

      F.    Plaintiff Fails to State a Claim Under the EPA ....................................... 17

      G.    Plaintiff Fails to State a Claim Challenging the EEO Process Because Such
            Claims Are Not Cognizable ..................................................................... 18

      H.    Plaintiff Has Not Stated a Claim Under the Privacy Act ........................ 18

VI.   CONCLUSION .................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Adrian v. Cty. of Storey*, No. 16-cv-00425, 2018 WL 1413383 (D. Nev. Mar. 21, 2018) ...................... 16

*Ali v. Servicenow, Inc.*, No. 19-cv-03744-JSW, 2019 WL 11542365 (N.D. Cal. Sept. 23, 2019) ........... 10

*Ardalan v. McHugh*, No. 13-cv-01138-BLF, 2014 WL 3846062 (N.D. Cal. Aug. 4, 2014)................... 10

*Austin v. City of Oakland*, No. 17-cv-03284-YGR, 2018 WL 2427679 (N.D. Cal. May 30, 2018) ......... 9

*Austin v. Univ. of Oregon*, 925 F.3d 1133 (9th Cir. 2019) ........................................................ 10

*Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289 (D. Ariz. Feb. 22, 2021)............ 18

*Cohen v. Fred Meyer, Inc.*, 686 F.2d 793 (9th Cir. 1982) ......................................................... 13

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)............................................................ 17

*Cozzi v. County of Marin*, No. 18-cv-07830-JSW, 2019 WL 13201175 (N.D. Cal. Aug. 16, 2019)....... 18

*Ellis v. SmithKline Beecham Corp.*, No. 07-cv-5302, 2008 WL 3166385 (W.D. Wash. Aug. 5, 2008).. 16

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ............................................................................... 8

*Fields v. Vilsack*, 207 F. Supp. 3d 80 (D.D.C. 2016) ............................................................. 17

*Foroughi v. Wal-Mart Stores, Inc.*, No. 10-cv-506-PHX-GMS, 2010 WL 2231931 (D. Ariz. June 2,
    2010) ........................................................................................................................ 13

*Fowler v. Potter*, No. 06-cv-04716-SBA, 2008 WL 2383073 (N.D. Cal. June 9, 2008) ....................... 15

*Grounds v. United States by & through Dep't of Energy*, No. 3:17-CV-01190-HZ, 2019 WL 1270928
    (D. Or. Mar. 18, 2019) .................................................................................................. 7

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)..................................................................... 14

*Hulstedt v. California*, 2023 WL 9189316 (N.D. Cal. May 19, 2023)............................................ 8

*Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024 WL 5190361 (N.D. Cal. Dec. 20,
    2024) ........................................................................................................................ 8

*Jenson v. FFA*, No. 10-cv-0234-CL, 2011 WL 2491428 (E.D. Wash. Jun. 22, 2011)............................ 7

*Jordan v. Summers*, 205 F.3d 337 (7th Cir. 2000)................................................................... 18

*Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of Monterey*, 534 F. Supp. 1202
    (N.D. Cal. 1982) ........................................................................................................ 8

*Lin v. Potter*, No. 10-cv-03757-LB, 2011 WL 1522382 (N.D. Cal. Apr. 21, 2011) ............................. 11

*Moorehead v. Chertoff*, No. C05-1767JLR, 2007 WL 737370 (W.D. Wash. Mar. 5, 2007) .................... 7

*Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006) ........................................................................... 10

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ...................................... 15, 16

*Parker v. State of Del., Dept. of Pub. Safety*, 11 F. Supp. 2d 467 (D. Del. 1998) .................................... 17

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599 (9th Cir. 2004) ................................................ 9

*Philbert v. Wilkie*, No. 217CV00929CASKKX, 2018 WL 1918518 (C.D. Cal. Apr. 20, 2018) .............. 7

*Sablan v. A.B. Won Pat Int'l Airport Auth.*, No. 10-cv-00013, 2010 WL 5148202 (D. Guam Dec. 9, 2010) ........................................................................................................................... 9

*Sager v. McHugh*, 942 F. Supp. 2d 1137 (W.D. Wash. 2013) ................................................... 18

*Univ. of Texas Southwestern Med. Ctr. v. Nasser*, 133 S. Ct. 2517 (2013) ............................... 13

*Van Petten v. McDonough*, No. 2:21-cv-01956-MCS, 2022 WL 22227599 (C.D. Cal. Jul. 20, 2022) ... 11

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) ........................................ 13

*Ward v. E.E.O.C.*, 719 F.2d 311 (9th Cir. 1983) .................................................................... 18

*Washington v. Certainteed Gypsum, Inc.*, No. 10-cv-00204-GMN-LRL, 2011 WL 3705000 (D. Nev. Aug. 24, 2011) ....................................................................................................... 13

*Willis v. Donahoe*, No. 13-cv-01562-YGR, 2013 WL 6199176 (N.D. Cal. Nov. 26, 2013) ..................... 9

*Wingate v. United States Postal Serv.*, No. 12-cv-05560-LB, 2013 WL 3829272 (N.D. Cal. July 23, 2013) .............................................................................................................................. 9

*Yee v. Garland*, No. CV 21-1185 (ABJ), 2022 WL 2046112 (D.D.C. June 7, 2022) ............................ 18

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ................................................................................ 1, 4

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 3, 4

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 26, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Araceli Martínez-Olguín, United States District Judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10, 19th floor, Defendant Daniel Driscoll, Secretary, Department of the Army, will and hereby does move to dismiss Plaintiff Hang Zhang's First Amended Complaint ("FAC") (ECF No. 23) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion is based on this Notice; the Memorandum of Points and Authorities; the pleadings, records, and files in this case; other matters of which the Court takes judicial notice; and such other written or oral argument as may be presented at or before the time the Court takes this motion under submission.

## RELIEF SOUGHT

Defendant seeks an order dismissing the FAC in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff brings this employment discrimination action in relation to her employment with the Defense Language Institute ("DLI") as a Student Learning Specialist. This is Plaintiff first amended complaint following Defendant's filing of a motion to dismiss. Yet the FAC fails to rectify any of the fatal deficiencies from the original complaint.

Plaintiff's claims arise from her reassignment to the Chinese School at DLI, during which she was allegedly required to take on an additional workload. Plaintiff subsequently was not selected for multiple roles to which she applied within DLI. Plaintiff now claims that her non-selection and reassignment were the result of discrimination on the basis of race, sex, and national origin, and that her treatment at DLI constituted a hostile work environment. Plaintiff further alleges that as the result of her Equal Employment Opportunity ("EEO") activity, she was retaliated against by DLI.

Plaintiff's claim for discrimination fails because she uniformly fails to allege facts plausibly establishing that a similarly situated individual was treated more favorably than her with respect to any of the discrete employment actions underlying this lawsuit. Plaintiff's claim for retaliation fails because (1) some of the actions underlying her retaliation claim rises to the level of a cognizable adverse

1   employment action as a matter of law and (2) for the remaining actions, Plaintiff does not allege facts

2   plausibly establishing a causal nexus to her protected activity, especially where the Complaint fails to

3   identify the decisionmaker for the events (or that the unidentified decisionmakers were aware of her

4   protected activity). And in an attempt to craft a hostile work environment claim, Plaintiff alleges that

5   each of the actions that comprise her discrimination and retaliation claims constitute harassment. But

6   this claim fails for at least two reasons, including (1) the claim impermissibly duplicates the events at

7   issue in her discrimination and retaliation claims; and (2) none of the allegations rise to the level of

8   severity or pervasiveness necessary to state a claim for hostile work environment.

9       Finally, Plaintiff attempts to bring causes of action under the Equal Pay Act ("EPA"), Fifth

10  Amendment due process clause for issues arising from the EEO process, violation of the First

11  Amendment right to free speech, and Privacy Act. However, EPA claims in excess of $10,000 fall under

12  the exclusive jurisdiction of the Court of Federal Claims. Additionally, with regard to Plaintiff's

13  constitutional claims, the government has not waived sovereign immunity for monetary suits brought

14  pursuant to either the First or Fifth Amendment. Regardless, Plaintiff has failed to state a claim for

15  either a violation of the EPA or interference with the EEO process. Finally, Plaintiff has failed to state a

16  claim for a violation of the Privacy Act

17      As such, Defendant respectfully requests that the Court dismiss Plaintiff's first amended

18  complaint.

19  **II.     STATEMENT OF ISSUES TO BE DECIDE**

20      1.      Whether this Court has subject-matter jurisdiction to hear Plaintiff's EPA claim when

21  such claims fall under the exclusive jurisdiction of the Court of Federal Claims;

22      2.      Whether there is subject-matter jurisdiction to hear Plaintiff's First and Fifth Amendment

23  claims when the United States has not waived sovereign immunity for such claims;

24      3.      Whether Plaintiff fails to allege facts sufficient to state a cause of action for

25  discrimination under Title VII where she fails allege facts plausibly establishing that similarly situated

26  comparators that were treated more favorably;

27

28

4.      Whether Plaintiff fails to allege facts sufficient to state a cause of action for retaliation where Plaintiff does not claim she was subject to any adverse actions that were causally linked to protected activity; and

5.      Whether Plaintiff fails to allege facts sufficient to state a cause of action for a hostile work environment claim where her claims are duplicative of her discrimination and retaliation claims, and she fails to identify any harassment that was severe or pervasive;

6.      Whether Plaintiff fails to state a claim under the EPA where she does not allege that a male employee was paid a different wage for a similar job;

7.      Whether Plaintiff fails to state a claim for violations of the EEO process when such claims are held not to be actionable;

8.      Whether Plaintiff fails to state a claim for violation of the Privacy Act where she does not allege she suffered adversely based on any alleged failure to fulfill a record keeping duty.

## III.    FACTUAL BACKGROUND

Plaintiff is female, Chinese American, of Chinese national origin, and is employed by DLI as a Student Learning Specialist. *See* Dkt. 23 ¶¶ 1, 12-13. Plaintiff holds a Ph.D. in Linguistics. *Id.* at ¶ 12. Plaintiff alleges that during a structural reorganization on May 5, 2023, she was assigned to the DLI Chinese school against her requests by Associate Provost Dr. Jonathan Gajdos. *Id.* at ¶ 17. Plaintiff alleges that a white male colleague, Mr. Michael Gelbman, received his first choice of assignment, and another white male colleague, Dr. Timohty Berndt, retained his preferred Faculty Development assignment. *Id.* at ¶¶ 17-18. Plaintiff was given the reassignment based on her language expertise. *Id.* at ¶ 21.

Plaintiff alleges she first contacted the local EEO office following this assignment, on May 5, 2023, and requested a formal appointment on May 11, 2023. *Id.* at ¶¶ 24-26. Plaintiff filed a formal complaint of discrimination on June 13, 2023. *Id.* at ¶ 10. She further alleges she filed a timely amendment to the complaint to incorporate retaliation and procedural misconduct. *Id.* at ¶ 11.

Plaintiff alleges that she was subsequently denied seven separate positions for which she was qualified within DLI: (1) Test Specialist on June 4, 2023 (*Id.* at ¶ 29); (2) "ODA" position at "ETD" on June 14, 2023 (¶ 30); (3) Operations Research Analyst on June 16, 2023 (¶ 31); (4) Assistant Director of

Immersion on May 13, 2024 (¶ 38); (5) Academic Specialist position at "UML" on December 10, 2024 (¶ 45); (6) Assessment Specialist position at "LPAD" on March 14, 2025 (¶ 66); and (7) Institutional Evaluator on an unknown date (¶ 79).

Plaintiff does not allege who the decision maker was for six of the non-selections, but states that Lt. Col. Jorge and Dr. Gajdos made the selection for the UML Academic Specialist position. *Id.* at ¶ 45. Plaintiff alleges that Mr. Gelbman, a white male, was selected for the Test Specialist position and that he lacked a Ph.D. or direct experience with assessment and "ILR." *Id.* at ¶ 29. Plaintiff does not allege whether she possessed superior experience in those fields, whether a Ph.D. was required of the position, or Mr. Gelbman was similarly situated as Plaintiff. *Id.* Specially, Plaintiff alleges that Dr. Gelbman was previously selected for an Academic Specialist role, indicating he was not in a similar position as Plaintiff. *Id.* Plaintiff alleges that the selectees for the "ODA" position at "ETD", Assistant Director of Immersion, and Academic Specialist position at "UML" were less qualified than Plaintiff. *Id.* at ¶¶ 30, 38, 45. However, she does not allege that the selectees were outside of her protected characteristics or were similarly situated. *Id.* Finally, Plaintiff does not allege who, if anyone, was selected for the positions of Operations Research Analyst, Assessment Specialist at "LPAD", or Institutional Evaluator. *Id.* at ¶¶ 31, 66, 79.

Plaintiff alleges that in April of 2024, Defendant downgraded Plaintiff's "ratings after signature and denied her step increase." *Id.* at ¶ 36. Plaintiff alleges that on January 30, 2025, Defendant rescinded Plaintiff's "quarterly award" and removed her from the ceremony. *Id.* at ¶ 56. She further alleges that no similarly situated white male employee experienced comparable treatment. *Id.* However, she does not allege who else was on the award list, including their protected characteristics, who made the decision of who to include on that list, or who rescinded Plaintiff's award. *Id.*

Plaintiff makes numerous allegations regarding the handling of her EEO complaint. Specifically, she alleges that on April 24, 2024, Defendant improperly submitted confidential mediation communications to the agency investigator. *Id.* at ¶ 37. Plaintiff alleges that, on December 31, 2024, Dr. Gajdos forwarded a work communication regarding strategic planning initiatives from Plaintiff to agency counsel, but the Complaint does not plausibly establish why it was inappropriate for Dr. Gajdos to forward a work communication to DLI counsel. *Id.* at ¶ 46. Plaintiff alleges agency counsel then "sent

1   a coordination directive to senior leadership characterizing [Plaintiff's] inquiry as part of her EEO

2   'mechanisms' to be mitigated" and allegedly instructed officials to "disseminate [Plaintiff's] EEO

3   activity." *Id.* at ¶ 48.

4       Plaintiff further alleges that on February 7, 2025, agency counsel emailed Plaintiff "unsolicited

5   privileged disclosure," and that the incident wasn't investigated. *Id.* at ¶¶ 57-62. However, Plaintiff does

6   not allege what these materials contained, to whom they were sent, or any facts that would suggest that

7   dissemination of the materials was improper. *Id.* Finally, Plaintiff alleges that during the underlying

8   EEO proceedings, discovery files were "doctored" and showed "manipulation." *Id.*at ¶ 63.

9       Plaintiff includes a list of alleged incidents that occurred to support her hostile work environment

10  claims, including being told to "go back to Chinese school"; hearing female teachers being referred to as

11  "a stable of teachers"; being publicly labeled as "unethical"; professional isolation; forced dual teaching

12  responsibilities; reputational attacks, and award nomination recission. *Id.* at ¶¶ 104-05. Plaintiff does not

13  identify any facts that would indicate any of the alleged harassing activity was severe or pervasive. *Id.*

14      Plaintiff filed the instant action on April 17, 2025. Dkt. 1. Defendant moved to dismiss all claims

15  and Plaintiff filed the FAC on October 3, 2025. Dkt. No. 23. On October 7, 2025, Plaintiff filed a motion

16  for preliminary injunction to enjoin alleged retaliation. Dkt. No. 24. The Court denied the motion on

17  December 3, 2025. Dkt. No. 32. In the FAC, Plaintiff brings claims for discrimination, retaliation,

18  hostile work environment, violation of the Equal Pay Act, violations of the Fifth and First Amendments,

19  and violation of the Privacy Act. Dkt. No. 23.

20  **IV.    LEGAL STANDARD**

21      **A.    Federal Rule of Civil Procedure 12(b)(1)**

22      A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under

23  Federal Rule of Civil Procedure 12(b)(1). *See Savage v. Glendale Union High Sch., Dist. No. 205,*

24  *Maricopa Cty.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Courts must consider the threshold issue of

25  jurisdiction before addressing the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

26  94 (1998). Plaintiffs bear the burden of establishing jurisdiction because, by filing a complaint in federal

27  court, they seek to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

28      "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*,

373 F.3d 1035, 1039 (9th Cir. 2004). The Court may dismiss an action under Rule 12(b)(1) if the complaint does not allege facts sufficient to establish subject matter jurisdiction on its face or, even if the complaint asserts grounds for jurisdiction on its face, the evidence does not support a finding of jurisdiction. *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge allows the court to look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The Court also can hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the motion as one for summary judgment. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).

"Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence," and the plaintiff's allegations carry no presumption of truthfulness. *Robinson*, 586 F.3d at 685. Whether a facial or factual attack, because "[f]ederal courts … have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress," *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted), courts presume the action lies outside their limited jurisdiction, and the burden is on the party asserting jurisdiction to establish that it exists. *Kokkonen*, 511 U.S. at 377.

### B.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to

1    require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v.*

2    *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the Court must treat all factual allegations as true for

3    purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a

4    factual allegation." *Iqbal*, 556 U.S. at 678.

5    **V.    ARGUMENT**

6          **A.    Plaintiff's Equal Pay Claim Must Be Dismissed for Lack of Subject-Matter**
             **Jurisdiction**

7

8          Plaintiff alleges that Defendant denied her standard salary increases and that she assigned

9    additional work above her male colleagues without receiving additional compensation. Dkt. No. 23 at ¶¶

10   114-24. However, the Court of Federal Claims retains exclusive jurisdiction over federal sector claims

11   exceeding $10,000 under the Fair Labor Standards Act, which includes the EPA. *Jenson v. FFA*, No. 10-

12   cv-0234-CL, 2011 WL 2491428, at *3 (E.D. Wash. Jun. 22, 2011) (the EPA does not include a

13   jurisdictional grant, therefore, Court of Federal Claims has exclusive jurisdiction for claims over

14   $10,000); *Philbert v. Wilkie*, No. 217CV00929CASKKX, 2018 WL 1918518, at *2 (C.D. Cal. Apr. 20,

15   2018) (holding that because "plaintiff's EPA claim exceeds $10,000 and plaintiff declines to waive

16   excess damages, the Court lacks jurisdiction"); *Moorehead v. Chertoff*, No. C05-1767JLR, 2007 WL

17   737370, at *2 (W.D. Wash. Mar. 5, 2007) (recognizing that the Ninth Circuit has not yet decided this

18   jurisdictional question but finding that there was no jurisdiction for an EPA claim exceeding $10,000 on

19   the basis of other cases and the plain language of 28 U.S.C. § 1346(a)(2)); *see also Grounds v. United*

20   *States by & through Dep't of Energy*, No. 3:17-CV-01190-HZ, 2019 WL 1270928, at *6 (D. Or. Mar.

21   18, 2019) (citing the aforementioned cases and holding that the Court of Federal Claims has exclusive

22   jurisdiction for EPA claims exceeding $10,000).

23         Plaintiff does not specifically allege the amount in damages she is attributing to her EPA claim.

24   However, the Civil Cover Sheet filed with her initial complaint states that Plaintiff is seeking $650,000

25   in total monetary damages. Dkt. 1-1. Thus, Plaintiff's EPA claim must be dismissed for lack of subject-

26   matter jurisdiction — the Court of Federal Claims is the proper forum for this claim. Even if the Court

27   finds it has jurisdiction over Plaintiff's EPA claim, it still must be dismissed under Rule 12(b)(6), as

28   explained below in Part V.F.

1

2

**B.    Plaintiff's Claims Pursuant to the Fifth and First Amendments Must Be Dismissed for Lack of Subject-Matter Jurisdiction**

3

Plaintiff being claims alleging violations of the Fifth Amendment's Due Process Clause and First

4

Amendment right to free speech. Both must be dismissed for lack of jurisdiction. First, to the extent

5

Plaintiff seeks monetary damages for her Fifth and First Amendment claims, these claims should be

6

dismissed because the federal government has not waived sovereign immunity. *See F.D.I.C. v. Meyer*,

7

510 U.S. 471, 486 (1994) (action for monetary damages for constitutional violations cannot be

8

maintained against a federal agency); *Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024

9

WL 5190361, at *5 (N.D. Cal. Dec. 20, 2024); *Hulstedt v. California*, 2023 WL 9189316, at *2 (N.D.

10

Cal. May 19, 2023), *aff'd*, No. 23-15966, 2023 WL 9193060 (9th Cir. Oct. 24, 2023) (there is no

11

"statute generally waiving sovereign immunity as to money damages arising from a fifth amendment

12

due process violation") (quoting *Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of*

13

*Monterey*, 534 F. Supp. 1202, 1212 (N.D. Cal. 1982)). Therefore, any claim for monetary damages

14

against Defendant under the Fifth or First Amendment must be dismissed.

15

Even if this Court had jurisdiction over Plaintiff's Fifth Amendment claim, the claim raises

16

challenges to the handling of her EEO complaint. Dkt. No. 23 at ¶¶ 125-30. Such challenges to the EEO

17

process are not actionable in district court*, however, as discussed in Part V.G. below.

18

**C.    Plaintiff Fails to State a Claim for Employment Discrimination Because She Fails to Identify Any Similarly Situated Comparators that Were Treated More Favorably**

19

20

Plaintiff alleges that Defendant violated Title VII by (1) failing to select her for seven different

21

roles; (2) imposing an additional workload on her; (3) excluding her from institutional roles; and (4)

22

public and private disparagement. Dkt. No. 23 at ¶ 85. However, the FAC does not allege sufficient facts

23

that would allow the Court to plausibly reach that conclusion, and Plaintiff's discrimination claims are

24

thus subject to dismissal under Rule 12(b)(6).

25

To state a prima facie claim for discrimination under Title VII, a plaintiff must allege that "(1) he

26

is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse

27

employment action; and (4) similarly situated individuals outside his protected class were treated more

28

favorably, or other circumstances surrounding the adverse employment action give rise to an inference

1    of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). While the

2    *prima facie* elements need not be formally pleaded, a complaint must "allege 'enough facts to state a

3    claim to relief that is plausible on its face,'" *Mendenhall v. City and County of San Francisco*, No. 11-

4    CV-4029-EMC, 2011 WL 6779300 at *4 (N.D. Cal. Dec. 27 2011), and the *prima facie* elements are

5    relevant to determining whether the plaintiff has alleged sufficient facts to state a plausible claim of

6    discrimination. *See Sablan v. A.B. Won Pat Int'l Airport Auth.*, No. 10-cv-00013, 2010 WL 5148202, at

7    *4 (D. Guam Dec. 9, 2010) (in light of *Twombly* and *Iqbal*, courts "*must* look at a complaint in light of

8    the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter,

9    accepted as true, to state a claim to relief that is plausible on its face" (emphasis in original)); *see also*

10   *Wingate v. United States Postal Serv.*, No. 12-cv-05560-LB, 2013 WL 3829272, at *7 (N.D. Cal. July

11   23, 2013). "[B]are recitations of elements without any factual basis" are not sufficient to state a claim

12   for employment discrimination. *Willis v. Donahoe*, No. 13-cv-01562-YGR, 2013 WL 6199176, at *2

13   (N.D. Cal. Nov. 26, 2013).

14          Importantly, a disparate treatment claim requires a plaintiff to "allege either direct evidence of

15   discrimination, such as derogatory comments about his gender or race, or circumstantial evidence,

16   'which may include allegations that similarly situated individuals outside [his] protected class were

17   treated more favorably or that other circumstances surrounding the at-issue employment action give rise

18   to an inference of discrimination.'" *Austin v. City of Oakland*, No. 17-cv-03284-YGR, 2018 WL

19   2427679, at *4 (N.D. Cal. May 30, 2018) (citing *McCarthy*, 2016 WL 946099, at *4).  Here, the FAC

20   does not include sufficient allegations of direct discrimination, such as derogatory comments about

21   Plaintiff's race, sex, or national origin. Although Plaintiff alleges that she was told to "go back to

22   Chinese school," this was in reference to a literal reassignment to teach at the DLI Chinese school. Dkt.

23   No. 23 at ¶¶ 16-17. Plaintiff further alleges that the female faculty were referred to as a "stable of

24   teachers." *Id.* at ¶ 15.  However, "stable" is defined as a group of people under one management[1] and

25   there is no allegation that it was meant as anything contrary to such a definition. Plaintiff must therefore

26   allege plausible facts about the circumstances surrounding the employment actions that give rise to an

27

28   _____

     [1] Stable, Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/stable.

inference of discrimination.

Plaintiff concludes she was discriminated against when she was reassigned to the Chinese School and when DLI failed to select her for seven separate positions for which she applied. But the Complaint fails to allege circumstances to support a plausible inference that Plaintiff received differential treatment in each of these instances because of her protected characteristics. *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) ("What is missing for each theory of liability are sufficient, nonconclusory allegations plausibly linking the disciplinary action to discrimination on the basis of sex.").

First, the FAC fails to allege who the purported decisionmaker(s) were for each of the alleged adverse employment actions, except for the reassignment and the non-selection for the Academic Specialist position at UML. No does the FAC allege that the unidentified decisionmakers were aware of Plaintiff's protected characteristics. The discrimination claim is subject to dismissal on that pleading failure alone. *Ali v. Servicenow, Inc.*, No. 19-cv-03744-JSW, 2019 WL 11542365, at *4 (N.D. Cal. Sept. 23, 2019) (granting motion to dismiss where the plaintiff failed to allege decisionmakers were "aware of his national origin, race, religion, or age").

Second, the Complaint fails to identify similarly situated individuals outside of Plaintiff's protected class that were treated more favorably. *See Austin*, 2018 WL 2427679, at *4; *Ardalan v. McHugh*, No. 13-cv-01138-BLF, 2014 WL 3846062, at *8 (N.D. Cal. Aug. 4, 2014) (granting motion to dismiss where the plaintiff did not plead that alleged comparators "were similarly situated to her in all material respects"); *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (plaintiff must allege facts plausibly suggesting that comparators are similarly situated "in all material respects").

**DLI Chinese School Reassignment**:  With regard to Plaintiff's Chinese School reassignment, Plaintiff alleges that two white male colleagues were not given such a reassignment. Specifically, she alleges that Mr. Gelbman was granted his first choice of assignment and that Dr. Berndt retained his preferred Faculty Development assignment. Dkt. No. 23 at ¶¶ 17-18. But the FAC makes no allegation that Mr. Gelbman similarly situated such that he would even be qualified to fill such an assignment. Specifically, the FAC alleges Mr. Gelbman had Spanish proficiency, not Chinese. *Id.* Second, there are no allegations regarding Dr. Berndt's position or qualifications that would identify him as a comparator. Indeed, Dr. Berndt's position was Faculty

Development, distinct from Plaintiff's position as a Student Learning Specialist. Plaintiff identifies no similarly situated Caucasian male employees who were qualified to teach Chinese at DLI's Chinese school.

**Test Specialist Non-Selection**: Plaintiff alleges that Mr. Gelbman, who was selected for this role, lacked a Ph.D. and direct experience with assessment and "ILR." *Id.* at ¶ 29. But Plaintiff does not allege how her qualifications made her the superior candidate for this position or why Mr. Gelbman's lack of Ph.D. and lack of assessment and ILR experience made him less qualified for the position. *See Lin v. Potter*, No. 10-cv-03757-LB, 2011 WL 1522382, at *12 (N.D. Cal. Apr. 21, 2011) ("While [plaintiff] claims that [the male candidate] was not qualified to receive the April 2, 2009 promotion . . . , she does not plead any facts as to *why* . . . he was similarly-situated or not qualified to receive the job.") (emphasis in original).

**"ODA" Non-Selection**: Plaintiff alleges that the selectee for this position lacked a Ph.D. and direct ODA technical experience. Dkt. No. 23 at ¶ 30. But she does not allege that the selectee was outside of her protected classes, so cannot allege that someone outside of her protected classes was treated more favorably. *See Ardalan*, 2014 WL 3846062, at *8; *Van Petten*, 2022 WL 22227599, at *2.

**Operations Research Analyst**: Plaintiff only alleges that she was qualified for this position because she has a Ph.D. and a strong research background. Dkt. No. 23 at ¶ 31. But she does not allege that *anyone* was selected for this position. Because Plaintiff does not identify a comparator who was selected, she does not allege that individuals outside of her protected classes "were treated more favorably[.]" *see Ardalan*, 2014 WL 3846062, at *8; *Van Petten v. McDonough*, No. 2:21-cv-01956-MCS, 2022 WL 22227599, at *2 (C.D. Cal. Jul. 20, 2022) ("Plaintiff identifies no similarly situated comparator to meet his burden to plead a discrimination claim.").

**Assistant Director of Immersion**: Just as with the Operations Research position, while Plaintiff alleges that she was qualified for the Assistant Director of Immersion position, she fails to allege who, if anyone, was actually selected for the position. Dkt. No. 23 at ¶ 4.

**Academic Specialist**: Plaintiff alleges that Defendant selected an individual for this position with half of Plaintiff's experience and one academic rank lower. *Id.* at ¶ 45. But she does not

allege that the selectee was outside of her protected classes, so cannot allege that someone outside of her protected classes was treated more favorably. *See Ardalan*, 2014 WL 3846062, at *8; *Van Petten*, 2022 WL 22227599, at *2.

**<u>Assessment Specialist and Institutional Evaluator</u>**: Plaintiff provides no information for these positions. Dkt. No. 23 at ¶¶ 66, 79. Plaintiff does not allege that she was qualified for either position and does not identify anyone else who was selected for the positions.

Plaintiff fails to allege facts related to any of the alleged discriminatory actions from which to plausibly infer that an individual outside of her protected classes, that was similarly situated, was treated more favorably. Therefore, her discrimination claim should be dismissed.

### D. Plaintiff Fails to State a Claim for Retaliation Because She Does Not Identify an Adverse Employment Action or Plead A Causal Connection to Any Protected Activity

Plaintiff alleges that Defendant has retaliated in the form of failing to select her for seven different positions to which she has applied, recission of her name on an awards list, excluding her from meetings, alleged manipulating her performance rating, and issuing a counseling letter. Dkt. No. 23 at ¶ 97. As an initial matter, Plaintiff has not identified how exclusion from meetings or decision-making processes are adverse actions. "An adverse employment action is 'any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.'" *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000)); *Jaroslawsky v. City & County of San Francisco*, No. 12-cv-04949-JSW, 2013 WL 1287431, at *2 (N.D. Cal. Mar. 28, 2013).Such adverse employment actions include, for example, "transfers of job duties, negative performance reviews, actions that affect an employee's compensation, and warning letters." *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1103 (D. Haw. 2015), *aff'd sub nom. Yonemoto v. Shulkin*, 725 F. App'x 482 (9th Cir. 2018) (citing *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987)). But actions that do not affect an employee's compensation, such as "declining to hold a job open for an employee and badmouthing an employee outside the job reference context do not constitute adverse employment actions." *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000).

With regard to the other alleged actions, Plaintiff does not allege facts giving rise to an inference

of causation (*i.e.*, that "but for" her EEO activity, she would not have been subject to the alleged treatment). *See Univ. of Texas Southwestern Med. Ctr. v. Nasser*, 133 S. Ct. 2517 (2013); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (plaintiff alleging retaliation must show "that engaging in the protected activity was one of the reasons for his firing and that but for such activity he would not have been fired"). To meet her burden of pleading facts sufficient to establish a retaliatory causal nexus, Plaintiff must allege facts plausibly establishing that the decisionmakers were aware that she had engaged in protected activity. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("[e]ssential to the causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Perez v. McDonough*, No. 23-cv-06713-JST, 2024 WL 4844383, *7 (N.D. Cal. Nov. 20, 2024); *Washington v. Certainteed Gypsum, Inc.*, No. 10-cv-00204-GMN-LRL, 2011 WL 3705000, at *9 (D. Nev. Aug. 24, 2011); *Foroughi v. Wal-Mart Stores, Inc.*, No. 10-cv-506-PHX-GMS, 2010 WL 2231931, at *3 (D. Ariz. June 2, 2010).

Here, with the exception of one non-selection and the performance review, Plaintiff does not allege who the decisionmakers were for any of the actions taken that she alleges were retaliatory. And with respect to that one position, it is unclear from the allegations if the two individuals identified merely oversaw the selection process or were the ones responsible for selecting someone over Plaintiff. Nor is it clear that at the time of the selection those individuals were aware of Plaintiff's protected activity. *See* Dkt. No. 23 at ¶ 45. Nor is there any allegation of who allegedly rescinded her award. Finally, there is no allegation that the individual who sent Plaintiff the counseling letter was aware of her protected activity. This missing information renders the causation allegation deficient. *Heyer*, 521 F. App'x at 601 (affirming dismissal of a complaint that "fail[ed] to allege sufficiently the causal link between protected activity and adverse employment action").

Finally, although Plaintiff alleges that the individuals who downgraded her performance were aware of her EEO activity, this performance review occurred nearly a year after her EEO complaint was filed. Such a gap in time between the protected activity and the alleged adverse action is insufficient to raise an inference of retaliation without more. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003) (nine-month gap insufficient to establish causation for retaliation claim); *Heyer v. Governing Bd. of Mt. Diablo Unified Sch. Dist.*, 521 F. App'x 599, 601 (9th Cir. 2013) (same). Even if it

were closer in time, following the Supreme Court's decision in *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013), multiple courts in the Ninth Circuit have found that temporal proximity alone is not sufficient to establish a prima facie retaliation claim. *See, e.g.*, *Shaninga v. St. Luke's Med. Ctr. LP*, No. 14-cv-02475-PHX, 2016 WL 1408289, at *11 (D. Ariz. Apr. 11, 2016) ("Post-*Nassar*, however, while knowledge and proximity in time certainly remain relevant when inferring but-for causation, they cannot form the sole basis on which an employee may satisfy his or her prima facie burden."); *Green v. City of Phoenix*, No. 15-cv-02570-PHX, 2019 WL 4016484, at *12, 31 n.26 (D. Ariz. Aug. 26, 2019), *aff'd*, 823 F. App'x 549 (9th Cir. 2020) ("Plaintiff's timing argument also fails to appreciate the but-for causation standard created in *Nassar*"); *Strickland v. State of Wash. Seattle Cent. Coll.*, No. 18-cv-1073-JLR, 2019 WL 7370338, at *10 n.12 (W.D. Wash. Dec. 31, 2019) ("it takes more than allegations of temporal proximity to demonstrate butfor [sic] causation in a Title VII retaliation claim post-*Nassar*."). Therefore, Plaintiff's retaliation claim should be dismissed.

### E.    Plaintiff Fails to Allege Facts Plausibly Establishing a Hostile Work Environment Claim

Plaintiff alleges that she was subjected to a hostile work environment based on her race and gender. Specifically, Plaintiff alleges that she was subjected to harassment in the form of professional isolation and reputational attacks. Dkt. No. 23 at ¶ 105. She further identifies five discrete acts of alleged harassment: (1) being told to "go back to Chinese school"; (2) female faculty being referred to as a "stable of teachers"; (3) being labeled "unethical"; (4) being given a dual teaching assignment; and (5) having her award rescinded. *Id.* at ¶¶ 104-05. These allegations do not rise to the level of a hostile work environment as a matter of law.

To plead a cognizable hostile workplace claim, a plaintiff must plausibly allege: (1) that she was subjected to verbal or physical conduct because of a protected characteristic; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Vasquez*, 349 F.3d at 642 *see also Ray*, 217 F.3d at 1245 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

### 1.    The Hostile Work Environment Claim Fails Because the Complaint Fails to Allege that the Conduct Was Sufficiently Severe or Pervasive

Plaintiff's hostile work environment claim fails because the Complaint does not identify severe or pervasive conduct.  The severe or pervasive element has both subjective and objective components. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017). Title VII is violated only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [] employment and create[s] an abusive working environment[.]" *Sharp v. S&S Activewear, L.L.C.*, 69 F. 4th 974, 978 (9th Cir. 2023) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (internal punctuation omitted). In determining whether conduct is sufficiently severe or pervasive to violate Title VII, courts "look at 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Vasquez*, 349 F.3d at 642 (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (internal quotation marks and citation omitted), *reh'g denied*, 533 U.S. 912 (2001)).

Exclusion from meetings and not being nominated for an award are simply part of normal workplace operations and do not rise to the level of a hostile work environment. *See Hutchinson v. Holder*, 815 F. Supp. 2d 303, 323 (D.D.C. 2011) ("hostile-work-environment claim is simply not a cause of action for the ordinary tribulations of the workplace."). Acts that are part of normal workplace operations, like negative performance reviews, monitoring, and nitpicking, cannot be the basis of a hostile work environment claim. *Sumera v. Lynch*, No. 4:13-CV-01950-KAW, 2016 WL 368159, at *7 (N.D. Cal. Feb. 1, 2016). Additionally, although Plaintiff makes the broad assertion that she was subjected to reputational attacks, she alleges no facts in support of such an allegation. There are simply no facts from which to reasonably infer that any alleged harassment was severe or pervasive. The essence of a harassment claim is a workplace that is "permeated with 'discriminatory intimidation, ridicule, and insult.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002); *Fowler v. Potter*, No. 06-cv-04716-SBA, 2008 WL 2383073, at *10 (N.D. Cal. June 9, 2008) (a hostile work environment claim involves "ridicule, insulting comments, intimidation, physical contacts, or threats."). Here, however, the Complaint does not allege any such comments, ridicule, intimidation, or threats, from which to infer such an environment existed.

1

2. **Any Hostile Work Environment Claim Premised on the Discrete Acts at Issue in Plaintiff's Discrimination or Retaliation Claims Is Subject to Dismissal**

2

3      Finally, Plaintiff fails to state a claim for hostile work environment for the additional reason that

4   Plaintiff does not allege any non-discrete acts of harassment.  The Ninth Circuit has drawn a sharp

5   dichotomy between discrete employment acts and non-discrete acts of harassment that may form the

6   basis of a hostile work environment claim:

7          [w]e refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances
           and then, regardless of whatever it was that set the spark in the furnace, call the fire that
8          ignites therefrom a hostile environment.  If the flames of an allegedly hostile environment
           are to rise to the level of an actionable claim, they must do so based on the fuel of timely
9          non-discrete acts.

10  *Porter*, 419 F.3d at 893.  The sine qua non of a hostile work environment is a series of non-discrete acts

11  that collectively constitute a single employment practice.  As the Supreme Court noted in *Morgan*,

12  "[h]ostile environment claims are different in kind from discrete acts."  536 U.S. at 114.  It is the

13  "cumulative effect of individual acts" that creates the hostile work environment, even if any single act is

14  not actionable on its own.  *Id.*

15      Here, absent the alleged professional isolation and reputational attacks, which do not support a

16  claim for the reasons discussed above, Plaintiff alleges no non-discrete acts to support a hostile work

17  environment theory. Instead, the alleged harassing conduct all takes the form of discrete employment

18  decisions. Dkt. 23 at ¶¶ 104-05.  Indeed, these are the same actions at issue in Plaintiff's discrimination

19  and retaliation claims. *See* Dkt. 23 at ¶¶ 83-101. But discrete employment acts cannot be "cobbled

20  together" to create a cognizable hostile work environment claim. *Ellis v. SmithKline Beecham Corp.*,

21  No. 07-cv-5302, 2008 WL 3166385, at *12 (W.D. Wash. Aug. 5, 2008), *aff'd*, 363 F. App'x 481 (9th

22  Cir. 2010) ("Plaintiff attempts to transmute her various disparate treatment claims into harassment and

23  hostile work environment claims. Plaintiff may not do so."); *Silveria*, 2022 WL 187839, at *1 (affirming

24  dismissal of hostile work environment claim and observing that the complaint's "allegations mainly

25  describe a series of adverse employment actions—as would more typically be asserted in support of a

26  disparate treatment claim for discriminatory discipline or firing"); *Dixon*, 2017 WL 6029589, at *11;

27  *Adrian v. Cty. of Storey*, No. 16-cv-00425, 2018 WL 1413383, at *3 (D. Nev. Mar. 21, 2018) ("A hostile

28  work environment comprises unwelcome verbal or physical conduct—not prototypical adverse

1   employment actions such as termination and loss of privileges.").

2       To recognize a hostile work environment cause of action based on the discrete acts identified by

3   Plaintiff "'would transform virtually every discrimination or retaliation claim involving more than one

4   challenged action into a hostile work environment case.'" *Dixon*, 2017 WL 6029589, at *11 (quoting

5   *Fields v. Vilsack*, 207 F. Supp. 3d 80, 94-95 (D.D.C. 2016)). "The dangers of allowing standard

6   disparate treatment claims to be converted into a contemporaneous hostile work environment claim are

7   apparent.  Such an action would significantly blur the distinctions between both the elements that

8   underpin each cause of action and the kinds of harm each cause of action was designed to address."

9   *Parker v. State of Del., Dept. of Pub. Safety*, 11 F. Supp. 2d 467, 475 (D. Del. 1998).

10      Here, Plaintiff seeks to litigate the exact same employment actions under the rubric of disparate

11  treatment discrimination/retaliation *and* hostile work environment. Under well-established law, she

12  cannot do so. The discrete employment actions identified by Plaintiff do not give rise to a hostile work

13  environment as a matter of law, and Plaintiff's hostile work environment claim should be dismissed.

14      **F.    Plaintiff Fails to State a Claim Under the EPA**

15      Plaintiff's EPA claim should be dismissed for lack of jurisdiction as elaborated above in Part

16  V.A.. However, even if this Court has jurisdiction, Plaintiff also fails to allege facts sufficient to state a

17  claim under the EPA.  To state a claim under the EPA, a plaintiff "must show that an employer pays

18  different wages to employees of opposite sexes for equal work on jobs the performance of which

19  requires equal skill, effort, and responsibility, and which are performed under similar working

20  conditions."  *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

21      Plaintiff's EPA claim does not identify any facts as to the position or salary at issue. Dkt. No. 23

22  at ¶¶ 114-20. Rather, the claim simply states that Plaintiff was denied a salary increase associated with

23  academic rank advancement. *Id.* at ¶ 117. And further that she assigned additional duties without

24  corresponding compensation. *Id.* at ¶ 118. Assuming this claim relates to Plaintiff's reassignment to the

25  Chinese School, Plaintiff only states that no other white males were given this additional workload.

26  Plaintiff does not identify any specific comparator employees, their alleged comparative wages, their job

27  duties, or their alleged performance. *Id.* Without alleging any of the elements to support a claim under

28  the EPA, Plaintiff's claim must be dismissed. *See Cozzi v. County of Marin*, No. 18-cv-07830-JSW,

2019 WL 13201175, at *2-3 (N.D. Cal. Aug. 16, 2019) (dismissing EPA claim where Plaintiff did not allege comparator was male, paid more, or performed similar job duties).

### G. Plaintiff Fails to State a Claim Challenging the EEO Process Because Such Claims Are Not Cognizable

To the extent the Court finds it has jurisdiction over plaintiff's claims regarding alleged issues with the EEO process, Title VII does not provide a cause of action for complaints against the administrative investigation and claim process. *See Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (holding that, like a private sector employee, a federal employee may not bring a claim regarding a process complaint against an agency EEO division); *Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289, at *11 (D. Ariz. Feb. 22, 2021) (same); *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1148 (W.D. Wash. 2013) (same); *see also* 29 C.F.R. § 1614.107(a)(8); *cf. Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983) (holding that a private sector employee does not have a cause of action against the EEOC for alleged mishandling of an EEOC investigation). Instead, any complaints are remedied by being able to challenge the actual alleged discrimination in federal court under de novo review, as Plaintiff is doing in her case before this Court. *See Jordan*, 205 F.3d at 342; *see also Yee v. Garland*, No. CV 21-1185 (ABJ), 2022 WL 2046112 (D.D.C. June 7, 2022). As such, any such claim by Plaintiff must be dismissed.

### H. Plaintiff Has Not Stated a Claim Under the Privacy Act

Plaintiff's claim under the Privacy Act cannot succeed because she has not plead facts sufficient to state such a cause of action. Plaintiff alleges that Defendant violated the Privacy Act and her right to confidentiality through (1) the February 2024 transmission of EEO materials to Plaintiff; (2) the December 31, 2024 e-mail containing her EEO information; and (3) alleged dissemination of confidential ROI information. Dkt. No. 23 at ¶ 141. To state a claim under the Privacy Act, a plaintiff must show that the violation resulted in a "determination… which is adverse to the individual" or "an adverse effect" on the individual. "In order to state a claim under [provisions 552a(g)(1)(C)–(D)] of the Privacy Act, an individual must show '1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages.'"

*Rouse v. U.S. Dep't of State*, 567 F.3d 408, 417 (9th Cir. 2009) (quoting *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990)). Plaintiff must thus identify how a particular failure to fulfill a record keeping obligation proximately resulted in some adverse effect. With regard to the February 2024 e-mail, Plaintiff has not alleged why being sent her own EEO materials was improper or a violation of confidentiality. She does not allege that anyone else was included on the e-mail or that it resulted in any harm to Plaintiff. Dkt. No. 23 at ¶ 57. As stated above, Plaintiff has not alleged to whom December 2024 e-mail was sent, what it contained, or why it was improper to have sent such information in the first place. Nor does she allege that any specific adverse events resulted in its dissemination. Finally, Plaintiff alleges no facts regarding the alleged dissemination of confidential ROI information, such as to whom it was disseminated, what information it contained, or if it adversely affected Plaintiff. Without such information, Plaintiff fails to provide enough facts to allege the necessary elements of a Privacy Act claim; thus, Plaintiff's claim should be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and dismiss the First Amended Complaint.

DATED:        January 12, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney

*Attorneys for Defendant*