UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANG ZHANG,

          Plaintiff,

    v.

DANIEL DRISCOLL,

          Defendant.

Case No. 25-cv-03381-AMO

**ORDER ISSUING SANCTIONS**

Re: Dkt. No. 32

On November 3, 2025, Plaintiff Hang Zhang filed a reply brief in support of her then-pending motion for preliminary injunction. *See* Dkt. No. 31. The Court denied the motion for preliminary injunction by order issued December 3, 2025. Dkt. No. 32. In that same order, the Court ordered Zhang to show cause why sanctions should not issue because of the inclusion of multiple citations to fictitious cases in the reply brief. *Id.* at 10-11. On December 10, 2025, Zhang filed a response to the show cause order and stated regarding the offending citations, "[t]he citation issues identified by the Court involve two citations in the reply brief. The cited decisions are real, published cases; the issues concern circuit designation and characterization of the cited propositions." Dkt. No. 33 at 2. Later the same day, the Court ordered Zhang to file a declaration with complete copies of the two cited cases. Dkt. No. 34. On December 15, 2025, Zhang then filed a further declaration, stating, "[t]he citation issues arose from editing errors during preparation of my reply brief," and citing to two published circuit opinions. *See* Dkt. No. 35.

As highlighted in the Court's order to show cause, Rule 11 imposes an affirmative duty on litigants to investigate the caselaw they cite before submitting a court filing, and that duty applies to pro se litigants. *See* Dkt. No. 32 at 10. Comparing the fictitious case citations to the citations of the two cases Zhang appended to her most recent declaration, the form and content of both are

too far apart to plausibly result from a mere drafting error. Zhang's representation regarding her erroneous citation to the fictitious cases in her reply brief is simply not credible. Zhang breached her Rule 11 duty by citing fictitious cases.

Worse, Zhang then exacerbated that breach by (1) certifying that the cases were real and then, realizing that the cases were not real, (2) certifying that the citations resulted from drafting error. Indeed, Zhang did not acknowledge or aim to address her erroneous citations until compelled to file copies of the cited cases. *Compare* Dkt. No. 33 *with* Dkt. No. 35. The Court concludes that Zhang's responses to the show cause order were dishonest, a further breach of Rule 11.

Because Zhang failed to meaningfully show cause why sanctions should not issue, and because she failed to meet her obligations under Rule 11, the Court hereby **SANCTIONS** Zhang in the amount of **$500**, payable to the Clerk of Court by no later than February 12, 2026. This sanction is specific to the circumstances of the case, accounting for Zhang's non-attorney status as well as her dishonesty. The Court warns that any future citation to fictitious cases by Zhang shall result in case-terminating sanctions.

The Court expects counsel for Defendant to file an objection identifying any fictitious cases in Zhang's future filings and preemptively grants counsel leave to file such an objection as a standalone docket entry.

**IT IS SO ORDERED.**

Dated: January 14, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**