CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MOLLY A. FRIEND (CABN CABN 289677)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7177
FAX: (415) 436-7234
molly.friend@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANG ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL DRISCOLL, Secretary, Department of the Army,<br><br>Defendant. | No. 3:25-cv-03381-AMO<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hon. Araceli Martínez-Oguín |

## I. PRELIMINARY STATEMENT

Defendant's Motion to Dismiss (Dkt. 38 the "Motion") demonstrated that the First Amended Complaint ("FAC") (Dkt. 23) should be dismissed in its entirety. Plaintiff's Opposition to the Motion (Dkt. 43, the "Opposition") does not adequately address Rules 12(b)(1) – whether the court has subject matter jurisdiction, or 12(b)(6) – whether the allegations contained within the four corners of the FAC are sufficient to state a claim. As an initial matter, to the extent Plaintiff has raised new material in her Opposition, this material cannot be considered when evaluating whether the FAC itself states a claim. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The 'new' allegations contained in the [plaintiff's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In

determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Plaintiff has had ample opportunity to plead her claims. Following Defendant's Motion to Dismiss the original Complaint, Plaintiff did not remedy the issues in her ensuing FAC, nor has she done so in her Opposition. Rather, Plaintiff attempts to repackage the deficient allegations in the FAC into numerous tables, which only succeeds in confusing the claims and issues. Additionally, as identified below, Plaintiff's Opposition cites to multiple cases for propositions for which they do not stand. As a result, Plaintiff fails to properly address Defendant's arguments raised in the Motion. Accordingly, for the reasons set forth below, and those set forth in the Motion, the Court should grant the Motion and dismiss the FAC in its entirety.

## II. ARGUMENT

### A. Plaintiff's Opposition Fails to Address the Equal Pay Act Claim.

Plaintiff's Opposition does not address Defendant's subject-matter or pleading challenge to Plaintiff's Equal Pay Claim in her Opposition to the Motion to Dismiss other than a cursory reference to the claim in Table 5. Dkt. 43 at 14. Plaintiff does not cite any authority or substantively address Defendant's argument that the Court lacks jurisdiction over such claims. The Court of Federal Claims retains exclusive jurisdiction over federal sector claims exceeding $10,000 under the Fair Labor Standards Act, which includes the EPA. *Jenson v. FFA*, No. 10-cv-0234-CL, 2011 WL 2491428, at *3 (E.D. Wash. Jun. 22, 2011) (the EPA does not include a jurisdictional grant, therefore, Court of Federal Claims has exclusive jurisdiction for claims over $10,000). Therefore, the Court lacks jurisdiction to hear Plaintiff's EPA claim. And by failing to address Defendant's jurisdictional argument, Plaintiff concedes the issue. *See Ramirez v. Ghilotti Bros Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (recognizing that the failure to respond to an argument concedes or waives it). Nor does Plaintiff address the fact that she has failed to allege any facts to support a claim under the EPA. Plaintiff does not identify any specific comparator employees, their alleged comparative wages, their job duties, or their alleged performance. Without alleging any of the elements to support a claim under the EPA, Plaintiff's claim must be dismissed. *See Cozzi v. County of Marin*, No. 18-cv-07830-JSW, 2019 WL 13201175, at

*2-3 (N.D. Cal. Aug. 16, 2019) (dismissing EPA claim where Plaintiff did not allege comparator was male, paid more, or performed similar job duties).

      **B.     Plaintiff's First and Fifth Amendment Claims Are Barred Under Rules 12(b)(1) and Rule 12(b)(6).**

          **1.     The Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims.**

Defendant's Motion demonstrated that this Court does not have subject-matter jurisdiction over Plaintiff's First and Fifth Amendment claims. *See* Dkt. 38 at 8. Plaintiff argues this Court has jurisdiction over her Constitutional claims because it denied her Motion for Preliminary Injunction on the merits. Dkt. 43 at 6. Not so. First, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, at any time, a court must dismiss an action if it determines it lacks subject-matter jurisdiction. Plaintiff cites to *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), to assert "jurisdictional objections cannot be deployed after a defendant has litigated the merits of a claim where the statutory requirement is nonjurisdictional." Dkt. 43 at 6. Plaintiff, however, misapplies *Arbaugh*. In *Arbaugh*, the Court clarified the difference between the statutory elements of a Plaintiff's claim for relief and true jurisdictional standards regarding subject matter jurisdiction, reiterating that subject matter jurisdiction can be raised at any stage, even after trial and entry of judgment. *Arbaugh*, 546 U.S. at 506-07. Here, the First and Fifth Amendment claims Defendants challenge fall into the latter category of jurisdiction. The prohibition on Plaintiffs bringing monetary damages claims against the government for alleged Constitutional violations is a jurisdictional issue—the government has not waived sovereign immunity for these claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (action for monetary damages for constitutional violations cannot be maintained against a federal agency); *Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024 WL 5190361, at *5 (N.D. Cal. Dec. 20, 2024); *Hulstedt v. California*, 2023 WL 9189316, at *2 (N.D. Cal. May 19, 2023), *aff'd*, No. 23-15966, 2023 WL 9193060 (9th Cir. Oct. 24, 2023) (there is no "statute generally waiving sovereign immunity as to money damages arising from a fifth amendment due process violation") (quoting *Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of Monterey*, 534 F. Supp. 1202, 1212 (N.D. Cal. 1982)).

          **2.     Even if the Court Has Jurisdiction, the Constitutional Claims Fail.**

To the extent Plaintiff now argues monetary damages are pleaded in the alternative to declaratory

and prospective relief, Plaintiff's constitutional claims still fail. Assuming Plaintiff's constitutional claims were limited to equitable relief, the First and Fifth Amendment claims are still subject to dismissal because Plaintiff does not allege facts showing a real and immediate threat of repeated injury. Where a plaintiff seeks injunctive relief, Article III standing requires a plaintiff to show "a real and immediate threat of repeated injury." *Updike v. Multnomah County*, 870 F.3d 939, 947 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *see also Chapman v. Pier 1 Imports*, 631 F.3d 939, 948 (9th Cir. 2011) (same); *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (same). To establish Article III standing for injunctive relief, a plaintiff "cannot rely solely on past injury and instead must demonstrate 'a sufficient likelihood that [he] will again be wronged in a similar way' and a 'real and immediate threat of repeated injury.'" *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 723 (9th Cir. 2023) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury," unless accompanied by "continuing, present adverse effects." *Lyons*, 461 U.S. at 102-03 (citation omitted). A threatened injury "'must be *certainly impending* to constitute injury in fact,' and 'allegations of *possible* future injury are not sufficient.'" *Fellowship of Christian Athletes*, 82 F.4th at 723 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)) (emphasis in original).

Here, Plaintiff does not allege facts suggesting that there is an immediate threat of repeated injury because she fails to allege that Defendant has a pattern or practice of engaging in the harm she allegedly suffered. *See Lovelady v. U.S. Customs & Border Prot.*, No. 24-cv-00075-JD, 2024 WL 2788436, at *2 (N.D. Cal. May 30, 2024) (dismissing Fourth Amendment claim for lack of standing where the plaintiff "has not alleged an official policy or ongoing practice that might demonstrate 'a realistic possibility that the [Customs and Border Protection] would subject him to the injurious acts again in the future'") (quoting *Updike*, 870 F.3d at 948). With regard to the Fifth Amendment claim, Plaintiff's allegations relate to alleged misconduct in the handling of her EEO complaint. *See* Dkt. 23 at ¶ 128. The administrative proceedings, however, have been concluded, as Plaintiff is now seeking relief in federal court.[1]

[1] Additionally, Plaintiff fails to address Defendant's separate argument that such challenges to

With regard to the First Amendment claim, Plaintiff only makes the general allegation that she suffered from “adverse employment actions” culminating in her being characterized as “disruptive.” *Id.* at ¶ 137. Under these alleged facts, Plaintiff fails to state a plausible risk of certainly impending repeated injury, and she therefore does not establish Article III standing to seek equitable relief for her constitutional violation claims. *Lovelady*, 2024 WL 2788436, at *2; *Updike*, 870 F.3d at 947. Confounding the issue, Plaintiff appears to now support her First Amendment claim with allegations of adverse actions and alleged misconduct that relate to her retaliation claim under Title VII and Privacy Act claim. *See* Dkt. 43 at Tables 2-4. However, regardless of which claim these allegations are intended to support, the claim still fails. Plaintiff alleges she suffered adversely thought a series of e-mails. *Id.* at 10. However, as explained in the Motion to Dismiss, with regard to the February 2025 e-mail, Plaintiff does not allege why being sent her own EEO materials was improper or a violation of confidentiality. She does not allege that anyone else was included on the e-mail or that it resulted in any harm to Plaintiff. Dkt. No. 23 at ¶ 57. Plaintiff does not allege to whom the December 2024 e-mail was sent, what it contained, or why it was improper to have sent such information in the first place. Nor does she allege that any specific adverse events resulted in its dissemination. Finally, Plaintiff alleges no facts regarding the alleged dissemination of confidential ROI information, such as to whom it was disseminated, what information it contained, or if it adversely affected Plaintiff. Therefore, whether in retaliation for protected activity related to her discrimination complaints or First Amendment protected speech, Plaintiff has not alleged facts sufficient to support a claim. Thus, Plaintiff's First Amendment claim fails on either jurisdictional or pleading grounds.

**C. Plaintiff Fails to State a Claim for Discrimination.**

Plaintiff's discrimination claim fails because she has not plausibly alleged that she suffered adverse actions based on her protected class. Plaintiff argues that she need not perfectly identify comparators at the pleading stage. Dkt. 43 at 22. While she need not identify individuals by name, she is required to at least plead that similarly situated individuals outside of Plaintiff's protected class were treated more favorably. *See Austin v. City of Oakland*, No. 17-cv-03284, 2018 WL 2427679, at *4 (N.D.

---

the EEO process are barred. *See* Dkt. 38 at 18.

Cal. May 30, 2018); *Ardalan v. McHugh*, No. 13-cv-01138-BLF, 2014 WL 3846062, at *8 (N.D. Cal. Aug. 4, 2014) (granting motion to dismiss where the plaintiff did not plead that alleged comparators "were similarly situated to her in all material respects"); *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (plaintiff must allege facts plausibly suggesting that comparators are similarly situated "in all material respects"). Additionally, Plaintiff must allege that the decisionmakers were aware of her protected class. *Ali v. Servicenow, Inc.*, No. 19-cv-03744-JSW, 2019 WL 11542365, at *4 (N.D. Cal. Sept. 23, 2019) (granting motion to dismiss where the plaintiff failed to allege decisionmakers were "aware of his national origin, race, religion, or age").

Defendant's Motion to Dismiss outlines why the allegations supporting each of the alleged adverse actions taken against Plaintiff are insufficient because they (a) fail to identify a decisionmaker; (b) fail to allege that the decisionmaker was aware of Plaintiff's protected class; or (c) fail to allege sufficient information to allege that any of the comparators were outside of Plaintiff's protected class, similarly situated in all material respects, and treated more favorably. *See* Dkt. 38 at 8-12. Plaintiff does not address these specific challenges. Rather, Plaintiff cites *Hawn v. Exec. Jet Mgmt, Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) for the proposition that comparators need not be "carbon copies." Dkt. 43 at 22. However, the Ninth Circuit elaborated in that case that while the "employees' roles need not be identical," they must be similar in all material respects and materiality depends on the facts of the case. *Hawn*, 615 F.3d at 1157 (*citing Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Additionally, contrary to Plaintiff's assertion, the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), did not hold that whether "comparators are 'similarly situated' in every respect is a merits question reserved for summary judgment." Dkt. 43 at 22. The Court in *Swierkiewcz* merely noted that the prima facie case under the *McDonnell Douglas* burden-shifting analysis is an evidentiary standard, not a pleading required. 534 U.S. at 510. However, a complaint still must "allege 'enough facts to state a claim to relief that is plausible on its face,'" *Mendenhall v. City and County of San Francisco*, No. 11-CV-4029-EMC, 2011 WL 6779300 at *4 (N.D. Cal. Dec. 27 2011), and the *prima facie* elements are relevant to determining whether the plaintiff has alleged sufficient facts to state a plausible claim of discrimination. *See Sablan v. A.B. Won Pat Int'l Airport Auth.*, No. 10-cv-00013, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010) (in light of *Twombly* and *Iqbal*, courts "*must* look at a complaint in light of

the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (emphasis in original)); *see also Wingate v. United States Postal Serv.*, No. 12-cv-05560-LB, 2013 WL 3829272, at *7 (N.D. Cal. July 23, 2013). Here, Plaintiff's conclusory argument that she sufficiently alleged comparators is inadequate to survive the pleading stage.

**D. Plaintiff Fails to State a Claim for Retaliation.**

Defendant's motion demonstrated that Plaintiff's FAC fails to state a claim for retaliation. *See* Dkt. 38 at 12-14. Plaintiff does not substantively address Defendant's argument. Rather, Plaintiff merely argues that the FAC sufficiently pleads the cause of action, with no further elaboration. Dkt. No. 43 at 22-23. Plaintiff appears to provide further response in Table 1 in her Opposition. *See* Dkt. 43 at 5. However, the information provided in Table 1 does not cure the pleading deficiencies identified in the Motion to Dismiss. Specifically, Plaintiff does not plausibly allege a causal nexus between her protected activity and the alleged adverse actions. First, Plaintiff must allege facts plausibly establishing that the decisionmakers were aware that she had engaged in protected activity. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("[e]ssential to the causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Perez v. McDonough*, No. 23-cv-06713-JST, 2024 WL 4844383, *7 (N.D. Cal. Nov. 20, 2024); *Washington v. Certainteed Gypsum, Inc.*, No. 10-cv-00204-GMN-LRL, 2011 WL 3705000, at *9 (D. Nev. Aug. 24, 2011); *Foroughi v. Wal-Mart Stores, Inc.*, No. 10-cv-506-PHX-GMS, 2010 WL 2231931, at *3 (D. Ariz. June 2, 2010). Plaintiff's Table 1 merely states "Decision-makers copied on emails and involved in subsequent actions." Dkt. 43 at 5. But that does not address (a) who the specific decision makers were; (b) whether they had knowledge of the protected activity; or (c) when they obtained such knowledge and whether it was before any adverse action. Without such information, Plaintiff cannot plausibly allege a causal link.

Plaintiff further attaches Exhibit A to her Opposition, which appears to be a timeline of alleged protected activity and retaliatory actions. Dkt. 43 at 26-27. First, the Exhibit is merely additional argument that violates this Court's Order limiting Plaintiff to 25 pages for her Opposition. *See* Dkt. X st X. Regardless, the Exhibit is Plaintiff's attempt to create a temporal link to support her causation argument. However, multiple courts in the Ninth Circuit have found that temporal proximity alone is not

sufficient to establish a prima facie retaliation claim. *See, e.g.*, *Shaninga v. St. Luke's Med. Ctr. LP*, No. 14-cv-02475-PHX, 2016 WL 1408289, at *11 (D. Ariz. Apr. 11, 2016) ("Post-*Nassar*, however, while knowledge and proximity in time certainly remain relevant when inferring but-for causation, they cannot form the sole basis on which an employee may satisfy his or her prima facie burden."); *Green v. City of Phoenix*, No. 15-cv-02570-PHX, 2019 WL 4016484, at *12, 31 n.26 (D. Ariz. Aug. 26, 2019), *aff'd*, 823 F. App'x 549 (9th Cir. 2020) ("Plaintiff's timing argument also fails to appreciate the but-for causation standard created in *Nassar*"); *Strickland v. State of Wash. Seattle Cent. Coll.*, No. 18-cv-1073-JLR, 2019 WL 7370338, at *10 n.12 (W.D. Wash. Dec. 31, 2019) ("it takes more than allegations of temporal proximity to demonstrate butfor [sic] causation in a Title VII retaliation claim post-*Nassar*.").

Plaintiff fails to establish a causal connection between her protected activity and the alleged adverse employment actions she suffered. As such, Plaintiff's retaliation claim should be dismissed.

**E. Plaintiff Fails to State a Claim for Hostile Work Environment.**

Plaintiff's Opposition fails to address the specific arguments raised in the Motion to Dismiss challenging Plaintiff's hostile work environment claim. Rather, Plaintiff states that the "FAC alleges a sustained pattern of conduct" and then draws the unsupported conclusion that she has plausibly alleged severity and pervasiveness, without providing any factual or legal support. Dkt. 43 at 23. Much of the conduct alleged by Plaintiff in her Opposition, as explained in the Motion to Dismiss, does not rise to the level of hostile work environment. *See* Dkt. 38 at 15; *Hutchinson v. Holder*, 815 F. Supp. 2d 303, 323 (D.D.C. 2011) ("hostile-work-environment claim is simply not a cause of action for the ordinary tribulations of the workplace.").

Additionally, Plaintiff misunderstands Defendant's argument regarding the duplication of allegations between Plaintiff's hostile work environment claim and discrimination and retaliation claims. Plaintiff must allege non-discrete acts of harassment. "Hostile environment claims are different in kind from discrete acts." *National R.R. Passenger Corp.*, 536 U.S. 101, 114 (2002). Plaintiff responds that the Ninth Circuit "permits overlapping factual predicates where the conduct collectively alters workplace conditions." Dkt. 43 at 23, (*Citing Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005). First, that is not what *Porter* holds. The Court in *Porter* upheld the argument that only non-discrete acts of harassment could support a hostile work environment claim and found that the plaintiff

there had alleged some non-discrete actions that might rise to the level of severe and pervasive. *Porter*, 419 F.3d at 893. Plaintiff has not done the same here. Plaintiff alleges no non-discrete acts to support a hostile work environment theory but instead cites the same discrete acts that make up her discrimination and retaliation claims. As such, her claim for hostile work environment should be dismissed.

**F. Plaintiff Still Fails to State a Claim Under the Privacy Act.**

Plaintiff fails to address the deficiencies enumerated in the Motion to Dismiss regarding her claim under the Privacy Act. *See* Dkt. 38-18-19. As an initial matter, Plaintiff once again cites cases for propositions for which they do not stand. Specifically, Plaintiff cites *Doe v. Chao*, 540 U.S. 614 (2004) and *Wilborn v. Department of HHS*, 49 F.3d 597 (9th Cir. 1995) for the proposition that "[t]he Ninth Circuit recognizes reputational harm, career impact, and litigation disadvantage as adverse effects." Dkt. 43 at 24. These cases simply do not contain such holdings. Regardless, Plaintiff's Opposition does not clarify the harm she allegedly suffered from any adverse action. As discussed above in Section II.B.2 and the Motion to Dismiss at page 19, Plaintiff has not alleged to whom any improper information was disseminated, what that information contained, or how it adversely affected Plaintiff. The remaining adverse actions cited in Plaintiff's Opposition consist of only generalized allegations of exclusion, coercive counseling, and litigation harm (Dkt. 43 at 25), with no further information. As such, Plaintiff's Privacy Act claim should be dismissed.

**III. CONCLUSION**

For the foregoing reasons, and those set forth in the Motion, the Court should grant Defendant's Motion and dismiss the Complaint.

DATED: February 23, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney

*Attorneys for Defendant*